JOSHUA GOWER, JR. *versus* Z. B. STEVENS.

The lien which an officer acquires by virtue of an attachment of personal property is lost, unless he remains in possession of it either personally or by a keeper appointed by himself.

Where the lien acquired by an attachment is dissolved by a delivery of the property attached to the debtor, such lien does not revive upon his regaining possession of it by delivery from such debtor — though it be delivered to him with the intent that it may be appropriated towards the payment of the debt on which it had been attached.

Where goods attached are left in possession and under the control of the debtor by the officer making the attachment, they may be a second time attached by another officer — and such attachment will be valid though the second attaching officer had notice of the prior attachment.

THIS was replevin for one yoke of oxen, one horse and wagon and buffalo skin.

The plaintiff was a deputy Sheriff and as such on the first day of June, 1837, attached the oxen on a writ in favor of *Henry Hall* v. *Joseph H. Lambert.* On the fifth day of April, 1837, he attached the horse, wagon and skin on a writ in favor of *Dominicus Harmon* v. *Same.* These suits were prosecuted to final judgment.

Joseph H. Lambert was called as a witness and testified that when the plaintiff attached the oxen he left them in his possession, upon his verbal agreement to keep and return them to the plaintiff to be applied to the purposes of the attachment when called for — and that under this arrangement he kept and used the oxen till they were attached by the defendant — that when the plaintiff attached the horse and wagon and skin he left them in his possession under the same verbal agreement as was made in regard to the oxen, and that they remained in his possession until the fore part of the day on which defendant attached them — and that he then informed the plaintiff that the defendant had a writ against him and had attached the oxen, and he delivered up the horse, wagon and skin to the plaintiff to prevent his losing them on the writ on which he had attached them — that soon after he had so delivered them to the plaintiff — the defendant came and attached them while so being in the possession of the plaintiff though forbidden by him.

The plaintiff offered to prove that the oxen were left in his possession by consent of the plaintiff, in the suit *Hall* v. *Lambert*, but this testimony was excluded.

The plaintiff claimed to hold the property to be applied in payment of the demands on which it had been attached.

It appeared that the defendant was deputy Sheriff and having a writ in his hands in favor of *F. O. J. Smith* v. *said Lambert*, on the 23d of June, 1837, attached the same oxen as the property of Lambert, finding them in his possession and on the next day attached the horse, wagon and buffalo, finding them in the possession of the plaintiff, to whom they had been delivered within a few hours by Lambert.

SHEPLEY J. before whom the cause was tried, being of opinion that upon these facts, the plaintiff could not recover, he submitted to a nonsuit which is to be set aside and a new trial granted if this opinion be erroneous.

*Codman & Fox,* for the plaintiffs, cited St. 1821, c. 60, § 34, *Woodman* v. *Trafton,* 7 Greenl. 178 ; *Bruce* v. *Holden,* 21 Pick. 187, and insisted, that the attachment of the oxen continued, they being left in possession of the judgment debtor by

the consent of the creditor — and that the rest of the property having been found in the hands of the officer who had first attached — the defendant, with notice of such previous attachment, could not legally attach it again.

*F. O. J. Smith, contra* — argued, that the case was not within the authority of *Woodman* v. *Trafton,* 7 Greenl. 178, no security having been given to the officer for the re-delivery of the oxen attached. As to the other articles the plaintiff did not hold them under or by virtue of his previous attachment.

The opinion of the Court was delivered by

WESTON C. J. — To constitute and preserve an attachment of personal property, by process of law, the officer serving such process must take the property and continue in possession of it either by himself, or by a keeper by him appointed for this purpose. It has never been understood that he could, consistently with the preservation of the lien constitute the debtor his agent to keep the chattels attached. Except so far as authorized by special statute provision, he cannot leave such property with the debtor, without dissolving the attachment. *Woodman* v. *Trafton & al.* 7 Greenl. 178. Nor are we aware, that it can be preserved against persons having notice of the facts, although an implication to this effect may be found in the case cited and in *Bruce* v. *Holden,* 21 Pick. 187. Both those cases are strong authorities to show, that an attachment is dissolved, by leaving the property in the hands of the debtor; and if once dissolved, we are not satisfied that it can be revived by notice.

If an officer attaches goods in a store or warehouse, and leaves them in the possession and under the control of the debtor, it does not appear to us that a second attaching creditor and his officer can be repelled, by mere notice from the debtor, or from any other person who may happen to have had knowledge of the first attachment. Both might well reply, that such attachment had been relinquished, or had been lost by a want of care and vigilance on the part of the first officer The statute of 1821, *c.* 60, § 34, cited

for the plaintiff, is based upon the assumption, that but for the provision there made, the first attachment would be dissolved by suffering the property to remain in the possession of the debtor.

The counsel for the plaintiff has attempted to bring the attachment of the oxen within the statute cited. But it cannot be held available for his benefit, unless upon taking security, as is therein provided, which was not done. The law of attachment cannot be varied by the consent of the creditor. He can do nothing to impair the rights of third persons.

It is insisted, that the plaintiff may hold the horse, wagon and buffalo robe, as he had once attached them, and being in his possession, when taken by the defendant. It is a sufficient answer to this position, that the attachment made by the plaintiff had been dissolved for nearly three months, and that when he took the property a second time, the return day of the writ, from which he derived his authority was passed.

*Nonsuit confirmed.*