THOMAS M. JONES, trustee, plaintiff in error, *vs.* WILLIAM H. WILTBERGER, defendant in error.

1. In a suit against a stockholder of a Savings Bank by a depositor on his individual liability for the ultimate redemption of the deposits in proportion to the amount of the stock held by him in the bank, the stockholder may defend the suit by showing that, previously to the commencement of the suit he has discharged his obligation by paying to other depositors than the plaintiff an amount equal to the full proportion his stock bears to the whole amount due the depositor.

2. Such stockholder cannot, after any one depositor has commenced suit against him on his liability, defeat said suit by paying other depositors than the plaintiff, even though he pay to the full amount of his liability. Such payment, after notice of suit, is in fraud of the plaintiff's claim, and contrary to the policy of the Act creating the liability, and if allowed would practically defeat the object of the Legislature in imposing the obligation.

3. In such suits, the production of the original evidence of deposit, or the certificate of the assignee of the bank of the indebtedness, with the oath of the assignee that the stockholder has surrendered to him such evidences of deposit, with the receipts thereon, to the stockholder, of the owners thereof, is evidence to go to the jury to prove the payment of the same by the stockholder. WARNER, J., concurred.

LOCHRANE, C. J., dissenting:

1. When Wiltberger was a stockholder to the amount of one-tenth of the capital stock *in a savings company*, and the company was insolvent and in the hands of an assignee, and Jones brought his suit against Wiltberger upon the statutory liability imposed by the charter, and upon the trial Jones showed he was a depositor and the amount due him, and Wiltberger showed that he extinguished his statutory liability by the surrender, for cancellation, to the bank, of debts due depositors to an amount greater than his proportionate liability:

*Held,* That Wiltberger was not bound to pay any specific sum of money, that he was bound only, to redeem his proportionate part of the debts due by the bank, and when he did this, it made no difference how he did it; when done he was discharged.

2. *Held again,* That a suit pending or instituted does not vest a legal right in the plaintiff to the recovery of the individual debt sued for; that the statutory liability to redeem is not an individual contract of suretyship with each depositor, and that the stockholder has the right, at any time before judgment, to redeem an amount of the debts equal to the obligation imposed on him by the charter, and such redemption

Jones *vs.* Wiltberger.

will operate as an extinguishment of his statutory liability, and constitute a good defense to any *action* under the charter brought or to be brought, and Wiltberger would be liable for the costs in such case.

Personal Liability of Stockholders. Tried before Judge Schley. Chatham Superior Court. May Term, 1870.

In March, 1869, Jones sued Wiltberger as a stockholder of the Mechanics' Saving and Trust Association, on his personal liability, for the deposits made with the association by Jones, *cestui que trust.* It was admitted that Jones, as trustee, was a depositor of the amount sued for, had recovered judgment against the corporation for that amount, had *fi. fa.* issued, and that the sheriff returned on it *nulla bona;* that the corporate stock was $250,000 00, its indebtedness for deposits, $198,510 37, and that Wiltberger owned $25,000 00 of the stock. The defense was, that Wiltberger had redeemed as many of the debts of the corporation as he was liable for, under the personal liability clause of the charter. This clause is copied in the opinions. The association had made an assignment, and, to prove his defense, Wiltberger read a receipt by the assignee, dated June 1st, 1870, as follows:

"Received from William H. Wiltberger, stockholder in the Mechanics' Savings and Loan Association, the evidences of deposit by the depositors in said association to the amount of twenty thousand one hundred and seventy-one 46-100 dollars, and I hereby acknowledge the cancellation of the debt of said association to that extent as paid and discharged by the said William H. Wiltberger."

The assignee swore that he had satisfactory evidence of the assignment of the deposits by Wiltberger, and cancelled the debts of the association to the amount named in said receipt, as paid by Wiltberger; Wiltberger surrendered to him the evidences of the deposits, without any compensation, paid or promised. Then, without proving the handwriting of any of the depositors, Wiltberger's counsel put in evidence the

original deposit books, in each of which there was an acknowledgment that Weltberger had paid the depositor therein named, and purporting to be signed by the depositor.

They also read in evidence a written statement, by the assignee, of the amount due a certain depositor and her transfer thereon, of the claim to Wiltberger, he having paid her. Most of them were not dated; some dated in 1870. All this evidence came in over the objections of Jones' counsel. Defendant closed. The Court charged the jury, as hereafter appears, and they found for the defendant.

Jones' counsel moved for a new trial, upon the following grounds: The Court erred, 1st, in admitting the assignee's statement, that "he had satisfactory evidence," etc. 2d. In admitting said transfers and receipts without proof of the signatures. 3d. In admitting said assignee's written statement of what the association owed a depositor. 4th. In charging that, if the evidences of deposit were purchased by Wiltberger after the suit was begun, he could be allowed them in discharge of his liability as stockholder; that he had a right to purchase the evidences of deposit and give them in evidence, in discharge of his liability as stockholder; and, last, because the verdict was contrary to law, etc.

The Court refused a new trial, and that is assigned as error, on said grounds.

A. W. STONE, for plaintiff in error. The evidence was improperly admitted, because secondary, etc.: 1 Gr. Ev., secs. 440, 441, 569; Dudley's R., 64; R. Code, secs. 3707, 3784; 7 Ga. R., 356. Defense was like set-off; must exist when suit begun: R. Code, secs. 2849, 3413; 3 Wend. R., 13; 18 N. Y. R., 227.

LAW, LOVELL & FALLIGANT; JACKSON, LAWTON & BASSINGER, for defendant.

(NOTE.—Pending this cause, the Court adjourned, that the bar might attend the memorial services at the graves of the Confederate dead.)

McCay, J.

1. We do not doubt but that the defendant in this action, Mr. Wiltberger, may defend by showing that he has discharged himself from the liability cast upon him, as a stockholder, for the ultimate redemption of the deposits; nor do we think it at all material to the plaintiff in the suit how that liability was discharged.   If he has taken up, cancelled, destroyed, an amount of the deposits due, equal to his proportionate share of the whole amount, he has performed his undertaking, complied with the obligation the charter imposes.   What is it to the plaintiff whether he has paid the full amount, or less than that, to each depositor?   That is with him and them.   The case of *Belcher vs. Wilcox*, 40th *Georgia Reports*, 391, was a bill for the distribution of assets, too, of an insolvent corporation which had been *assigned in trust*, and we held that they were to be distributed among the holders of the bills, on principles of equity.   But this is suit upon a statutory liability.   The parties stand upon their legal rights, and it is none of the plaintiff's business to inquire how the stockholder has settled with other depositors. All he can demand is, that he shall have discharged his proportionate share.

2. As to the other question made in the record, to-wit: that the Court below did not restrict Mr. Wiltberger, is his proof of claims discharged, to a period before the commencement of this suit, I am free to say that I have had some trouble in arriving at a conclusion satisfactory to myself. The language of the charter is as follows:  " The persons composing the company shall be held and bound in their private capacity, in proportion to the number of shares held by each and every one of them, for the ultimate redemption of all deposits made with said company, and which may remain unpaid by said company during the time that any such persons shall remain stockholders."

Upon clauses very similar to this, in banks of issue, this

Court has held that the stockholder may discharge himself by paying his proportionate share of any of the outstanding bills.   He is not bound to each bill-holder for his proportionate share of that bill, but any suing bill-holder may recover of any stockholder until that stockholder has paid up his proportionate share, and that stockholder so paying to the full amount of his proportion, is discharged.   *Lane vs. Harris,* 16 Georgia Reports 231; *Robison vs. Bank of Darien,* 18 Georgia Reports, 109; *Belcher vs. Wilcox,* 40 Georgia Reports, 396.

I see no reason why this same rule should not apply here. It is indeed the only rule that enables a Court of law to settle the matter at all, and the only way even the parties can settle, without a resort to a general suit in equity.   I think, therefore, our Courts have acted wisely, both for the creditors and the stockholders, in giving these liability clauses this interpretation.

But how far is this right to sue separately and to settle separately to go?   It is at best but a construction of the law. Literally, it would require all the creditors and debtors to come together, and each to pay his share and get his money. Doubtless, too, it is in the power of any person at interest, to call all the parties at interest into a Court of Equity for a settlement.   But whilst for convenience and for justice we give this construction to the statute, which permits any one of the holders to sue, and the stockholder to pay any one, we must take care that we do not fritter away the law altogether, that we do not put a weapon in the hands of the stockholder with which he may treat at his pleasure with the depositor, and force him to his own terms.

Let it be understood that it is in the power of a stockholder *after a suit is brought* to discharge himself by paying his full share to others than the plaintiff in the suit, and who will dare to sue?   The stockholder may say to the depositor, " I offer you ten cents in the dollar.   If you sue I will pay my proportion to others, and you will fail in your suit."

Take the case of this very plaintiff. He was not paid; he brought suit. Mr. Wiltberger has paid his proportion, much of it since the suit was brought, to others, and the plaintiff has failed. To-morrow he sues Mr. Smith; he does the same thing, and the depositor fails again, and so on and on, until he is made the tug which pulls everybody into port, but himself, and when, at last, all are in and his share must be paid, the costs and trouble have exhausted twice the demand. What sort of a liability is this? What sort of protection is this? Could *this* have been contemplated by the Legislature, or by the Courts in the construction they have given these clauses?

Were this the plain letter of the Act, as a matter of course, it would have to be followed. But, both the right of *one* to sue, and of the stockholder to pay up his proportion to such of the depositors as he pleases, are constructions put upon the law so that it may be effective for the creditor and not oppressive for the stockholder. I am aware that the logic of this construction, if carried out, leads to the position occupied by the Chief Justice, in his dissenting opinion. If it be the technical measure of his statutory liability that he may pay whom he pleases, only so that he discharges his proportionate share, then, I see nothing in the mere *bringing* of a suit by one that shall make it necessary to pay him, rather than others. But, as I understand the law, this is not, technically and accurately, the measure of his liability. The rule, that one may sue and recover, and that the stockholder may discharge whose claim he pleases, is not in the clause. It is an equitable interpretation put upon it by the Courts, in order that it may work more conveniently for both parties. And my judgment is, that the Courts, in making this interpretation, must guard it so that it will not give an unconscientious advantage to the stockholders. This construction of the rule, or rather the construction without this limitation, does give that advantage, and I cannot assent to it. My judgment is, that after any depositor or bill-holder has commenced his

suit, the defendant must see to it that the plaintiff is satisfied before he can discharge himself by paying up his proportionate share.

I see plainly enough the force of the argument; that, as the day before the suit was commenced, the stockholder might discharge himself by paying others than this particular depositor, it is giving an unusual effect to the mere bringing of the suit to make it work so as to prevent the stockholder taking the same course after suit as before. I see, too, that this, *apparently*, introduces a rule of preference between the depositors, dependent upon their bringing suit, which is not in the statute.

But as I have said, the right of one depositor to recover *all* of his deposit, or the right of the stockholder to do otherwise than to pay to each depositor his proportionate share of that deposit, is not in the statute either. It is a construction by the Courts in furtherance of the policy and intent of the statute. And my judgment is that this construction ought to be limited by the same public policy as I have suggested.

As to the preference which the rule we lay down gives to the depositor who sues, I can only say that it is a preference all *admit* to him *after* his judgment, and is perhaps a proper reward of his superior diligence. Should a question arise *between the depositors*, I am not prepared to say that any depositor or stockholder may not, in equity, call in the whole fund, and the whole indebtedness for an equitable and equal distribution.

3. As to the other points, we think, in the main, the Court below was right. The assignee is the agent of the creditors of the bank. His statement of the debts and his transactions in their liquidation, are evidence against the creditors, *prima facie*, at least. He was the proper person to take up from Mr. Wiltberger these cancelled certificates, and to judge of their cancellation. There is no charge of fraud or collusion. Indeed, these certificates are not discharged until they are delivered to the bank or its representative.

The judgment is, however, reversed by the majority of the Court, on the ground that the Court erred in holding that Wiltberger could discharge himself from the plaintiff's claim by paying, after notice of the suit, to other depositors than the plaintiff, an amount equal to his full proportionate share of all the indebtedness by the bank to depositors.

Judgment reversed.

WARNER, J., concurring.

The sixteenth section of the charter of the company declares that, "the persons composing said company, shall be held and bound in their private capacity, in proportion to the number of shares held by each and every one of them, for the ultimate redemption of all deposits made with said company, or which may remain *unpaid* by said company, during the time that any of such persons shall remain stockholders." After an assignment of the assets of the company to an assignee, and after the commencement of the suit by the plaintiff, as a depositor, against the defendant, as a stockholder, to render the amount of his deposit with the company, the defendant purchased from, or extinguished in the hands of other depositors in the company, an amount equal to the amount of stock held by him in the company, and surrendered the same to the assignee of the company, and claims to be discharged from all liability to the plaintiff, on the ground that he has redeemed an amount of deposits due by the company equal to his liability under the charter, as a stockholder. Inasmuch, as it does not appear in the record when the claims of the several depositors were purchased or extinguished by the defendant, or what he paid for the same, but having made the purchase or extinguishment thereof since the assignment of the assets of the company, and since the commencement of the suit against him, such purchase or extinguishment of the claims of other depositors, under such circumstances, is not a *redemption* of the deposits made with the company, which remain unpaid, according to the true intent and mean-

ing of the charter of the company. The true intent and meaning of the charter is that each stockholder shall be liable for the redemption of the deposits made in said company, to the amount of the number of shares held by him and the value thereof, as fixed by the charter. When the defendant shall have shown that he has, *bona fide*, redeemed the deposits of the company to that amount, including the deposit of the plaintiff now sued for, that will be such a redemption of the deposits of the company as the charter contemplates for the benefit and protection of the depositors of the company. The plaintiff had a right of action, as a depositor, against the defendant as a stockholder, at the time of the commencement of his suit, which cannot be defeated by the purchase or extinguishment of the claims of *other depositors* in the company by the defendant, *subsequent* to the commencement of such suit, as set forth in the record. The assignee of the corporation is a trustee of the assets thereof, for the benefit of the creditors of the corporation, but such assignee is not the representative of the individual stockholders in their individual capacity. By the charter of the company, *each* and *every one* of the stockholders thereof is bound in his *private* capacity for the ultimate redemption of *all* deposits made with the company in proportion to the number of shares held by him—that is to say, he is *individually* liable therefor. If a defendant was the owner of the property of the value of $20,000 00, and was individually indebted by note to several creditors for that amount, and one of those creditors should institute suit against him on one of his notes for $800, and after the commencement of such suit, that defendant should voluntarily go to his several other creditors, and pay off or extinguish his indebtedness to them to the value of his property, would the fact that he had done so constitute any *legal* defense to the action of his creditor, who had sued him on his $800 00? that is *the principle* contended for in this case by the defendant.

LOCHRANE, C. J., dissenting.

1. The facts in this case have just been recited. The question arises upon the rights of stockholders, under their statutory liability for the ultimate redemption of all deposits made with the banking company of which they were such stockholders. The sixteenth section of the Act of incorporation of the Mechanic's Saving and Loan Association, out of which this liability arose, is substantially the same in relation to the ultimate liability of stockholders as that which we find in the various charters which have been so often adjudicated by this Court. It is not our purpose to enter into any disquisition upon the law applicable to banking corporations, our object being simply to place briefly and perspicuously the summary of the doctrines and principles governing such cases. The record shows that Wiltberger owned one-tenth of the stock, the capital being $250,000 00; that the deposits were $198,310 37, making his liability to such depositors, under the section quoted, $19,837 03. Wiltberger redeemed some $20,000 00 of these deposits, taking assignments of the original books, which he surrendered to the assignee of the bank, thus surrendering the amount due by him, as such stockholder, upon his ultimate liability.

Upon the trial of the plaintiff's case, he offered in testimony, by the assignee, proof of these facts, and such books of deposits, so surrendered and cancelled, being brought in by such assignee, were referred to in his testimony. We concur in the opinion that such testimony was legally admitted. The assignee is the only legal representative of the corporation, and is, in law, the trustee of the creditors. The surrender of these books to him, and their cancellation, was an extinguishment of the debts due by the bank to the amount of over $20,000 00, and more than the ultimate liability due by him. He was sued on a statutory liability, and this proof was properly admitted to show his discharge. In the manner in which they were admitted they were not original evidence,

Jones *vs.* Wiltberger.

nor did they require proof by subscribing witnesses or the parties making the assignments; nor, in our opinion, was it material for his defense against such statutory liability to prove how or for what consideration he had procured them. He was not bound to pay any specific sum of money; he was bound to redeem his proportionate part of the debts due by the bank. If he did this, it made no difference how he did it. The simple question was, did he redeem the amount of debts he was bound to redeem? If he did, he was discharged; if he did not, he was liable. The evidence offered by him was to show he had extinguished his liability by the redemption of such an amount as, under the provisions of the charter, he was liable for; and in no more satisfactory method could this redemption be made to appear than by the surrender of the evidences of its indebtedness. If the statute imposed upon him the duty of paying the debts due depositors of the bank, then it followed, not only as a logical, but a legal consequence, that he had the right to discharge the duty imposed upon him by the law. This Court has laid down the rule, "when the charter of a bank makes each stockholder individually liable for the redemption of the bills of the bank in proportion which his stock bears to the whole capital stock of the bank, or to the whole indebtedness of the bank, a stockholder who has redeemed, by purchase or otherwise, an amount of the bills of the bank as large as his personal liability is no longer liable, and, when sued as a stockholder, he may plead that fact and tender the bills in Court as a complete defense." If this principle applied to stockholders in the redemption of bills, it applies to stockholders in banks of deposit to depositors. We have examined, carefully, the various bank decisions of this Court, and the various authorities cited in connection therewith, and feel satisfied the weight of authority sustains the propositions we have laid down.

2. The only question in this case is, "whether the institution of a suit by a depositor against a stockholder vests in

each party, by reason of such *lis pendens*, a legal right to the recovery of his individual debt as entitles him to recover against such stockholder the full amount of his individual claim.   This question has invoked the necessity of examination into the rights of parties as against individual stockholders, and the consideration whether this statutory liability is in effect an individual contract of suretyship, or is an obligation imposed by the charter for the fulfillment of a duty expressed in its obligation, for the ultimate redemption of all deposits in proportion to the number of shares held.   Our opinion is, that the obligation is to redeem an amount of the debts in proportion to the shares of stock, and that at any time before or after suit by each or all of such depositors, it is within the statutory right of the stockholder to extinguish his liability; and that such extinguishment or redemption of the debts due by such corporation to an amount equal to the liability of such stockholder in proportion to his shares, is a complete legal defense to the recovery of such stockholder as may have instituted such suit, and the duty to pay is no more obligatory in law to a depositor who has sued than to one who has not sued; and that even if it were an individual liability he has a right to prefer his creditors at any time before judgment.   But as we do not regard this as an individual liability, the right and duty are cor-relative with the duty to extinguish and the right to extinguish by the redemption of the debts due by him in proportion to his stock, which when done and made to appear by proper proof to the Court, amounts to payment, and the plaintiff cannot recover.   Nor is this rule prejudicial to the legal rights of depositors. The statute vests no individual rights by the commencement of the suit.   The charter looks to no personal preference of creditors.   The liability imposed is redemption; when that is accomplished the party is discharged, and may plead it as well to a suit pending as to one thereafter to be commenced. For these reasons I think the judgment of the Court below should be affirmed.