DANIEL PITTMAN, plaintiff in error, *vs.* REBECCA E. CHIS-OLM, administratrix, *et al.*, defendants in error.

Where a note is indorsed "to be liable only in the second instance," the indorser is not liable until the maker of the note has been sued to insolvency, or some legal excuse alleged for not having done so ; but if it be alleged and proved that the maker of the note is notoriously insolvent, and was so at the time of the indorsement, that would be a sufficient legal excuse for not suing the maker of the note to ascertain that fact.

Indorsers in second instance.    Before Judge HOPKINS. Fulton Superior Court.    April Term, 1871.

On the 30th of August, 1861, R. E. Kennon gave his promissory note to Taylor & Miller, payable to them, or bearer, due the 1st of December, 1861.    This note afterwards belonged to Chisolm, and he sold it to Pittman, indorsing it as follows :    "I indorse this note, liable only in the second instance, this, the 10th of March, 1862.    Wm. A. Chisolm." Wm. A. Chisolm died, and Pittman sued his executors on said indorsement.    They pleaded the general issue, that the consideration of the note was slaves, and that the maker of said note, Kennon, was solvent for many years after said note was due, and no effort was made to compel him to pay it, and therefore the indorser was discharged.    This last plea was demurred to, but the demurrer was overruled. Plaintiff's counsel read in evidence the note, and offered to show that Kennon, who always lived in Georgia, except in 1867, had been insolvent since 1866, by producing witnesses to that point, and *fi. fas.*, on which there were returns of *nulla bona*, from all which it appears that he owed many thousands of dollars, and had no property.    This evidence was objected to, upon the ground that a suit against Kennon on this note, and a return of *nulla bona* on a *fi. fa.* issued upon a judgment on that note, was absolutely necessary before Chisolm was liable.    The Court rejected the evidence, and non-suited the plaintiff.    That is assigned as error.

L. J. GLENN & SON, for plaintiff in error. Suit is not necessary: Fell, L. of guaranty, 319, 321; 15 Penn. (Harris) R., 293; 1 Cushing, 473; 11 Vermont R., 265.

L. J. GARTRELL, H. JACKSON, for defendants: Revised Code, section 2738; 1 Wend, R., 457; 19 John. R., 69; 18 Pick. R., 321; 11 Ga. R., 149; 32d, 380; 35th, 142.

WARNER, Judge.

This was an action brought by the plaintiff against the defendants on a note indorsed by their intestate. The note was made by R. E. Kennon, payable to Taylor & Miller, or bearer, for the sum of $413 15, dated 20th August, 1861, due 1st December after date, and indorsed by the defendants' intestate, in the following words and figures: "I indorse this note, liable only in the second instance, this 10th March, 1862." The plaintiff moved the Court to dismiss the defendants' plea, which motion the Court overruled, and the plaintiff excepted. When the plaintiff offered the note in evidence, the defendant objected thereto, on the ground that the defendants were liable only in the second instance, and there was no evidence that the plaintiff had sued the maker of the note to insolvency, which objection was sustained by the Court, and the plaintiff excepted. The plaintiff then offered in evidence the answers of Turnipseed to prove that the maker of the note was and had been hopelessly insolvent since the fall of the year 1866, which evidence was objected to by defendants, and sustained by the Court; whereupon the plaintiff excepted. The defendants were not liable on this indorsement until the maker of the note had been sued to insolvency, or some legal excuse alleged for not having done so. If the evidence offered had shown that the maker of the note was entirely insolvent, at the time of the indorsement, we think that would have been a good, legal excuse for not sueing the maker merely to ascertain that fact. Why require the plaintiff to do an unnecessary, useless act to ascer-

tain the insolvency of the note by sueing him, when the fact of his insolvency, is notorious and can be established by other competent evidence? The evidence of the insolvency of the maker of the note should be confined to the time of the indorsement, so as to exclude any presumption of the want of diligence on the part of the indorsee in failing to collect the note from the maker. If the note could not have been collected in *the first instance* at any time after the indorsement, by suit against the maker, why go through that unnecessary and useless ceremony in order to make the indorser liable in *the second instance?* The evidence offered in this case to prove the insolvency of the maker of the note in 1866, more than four years after the date of the indorsement, was properly ruled out by the Court.

Let the judgment of the Court below be affirmed.