## WILLIAM WILSON *vs.* HIRAM POWERS.

### Jan. 11, 1875.

**Levy of Execution on Personal Property.**—Section 271, ch. 66, Gen. Stat., provides that "Personal property capable of manual delivery shall be levied upon by the officer taking it into his custody." It is not enough to take merely; he must take into his custody, that is to say, into his keeping; or, in other words, he must keep as well as take. This requires at least "such a custody as to enable an officer to retain and assert his power and control over the property, and so that it cannot probably be withdrawn or taken by another without his knowing it."

Action by mortgagee to recover damages for the conversion of certain wheat. Defence that the wheat was taken

13

and sold by defendant, by virtue of two executions against plaintiff's mortgagor, issued and levied prior to the mortgage. At the trial in the district court for Wabasha county, *Van Dyke*, J., instructed the jury that the acts of the defendant, detailed in the opinion, constituted a valid and continuing levy, to which instruction the plaintiff excepted. The defendant had a verdict, a new trial was refused, and plaintiff appealed.

*Thomas Wilson*, for appellant.

*Brown & Stocker*, for respondent.

BERRY, J. On November 30, 1872, the defendant, as a constable, received two justice's executions against George Phillips, and on December 3, following, drove from Lake City to West Albany, where Phillips lived,—about two hours' drive,—for the purpose of collecting the executions, which he took with him. He went to Phillips' granary, opened the door, and seeing a quantity of wheat there, took some of it and put it in his pocket. There was no lock on the door, but he fastened it in the same way in which he found it fastened. He then drove to Phillips' house, produced the executions, informing Phillips that he had them and that he had levied on the wheat. He then returned to Lake City, and endorsed his levy in due form on each execution, in the afternoon of the day when the same was made. It also appears from the defendant's testimony that he " went right to work to rig up teams to get the wheat," but could not get any till December 5. On that day he took five teams, and brought the wheat levied on into Lake City, sold it, and applied the proceeds on the executions, paying the money realized to the justice by whom the executions were issued. The question presented for our consideration is whether the facts above stated establish a valid levy upon the wheat as against the plaintiff, to whom Phillips, after the alleged levy, executed a mortgage of the wheat, such mortgage being taken by the plaintiff in good faith and for value, and, so far as the bill of exception shows, without notice of the levy, and being duly filed.

Section 271, ch. 66, Gen. Stat., provides that "Personal property capable of manual delivery shall be levied upon by the officer taking it into his custody." It is not enough to take merely; he must take into his custody, that is to say, into his keeping; or in other words, he must keep, as well as take. In our opinion, this requires at least "such a custody," (in the language of Chief Justice Shaw in *Hemmenway* v. *Wheeler*, 14 Pick. 408,) "as to enable an officer to retain and assert his power and control over the property, and so that it cannot probably be withdrawn or taken by another, without his knowing it." Drake on Attachment, § 256; *Nichols* v. *Patten*, 18 Me. 231, 238; *Gower* v. *Stevens*, 19 Me. 92; *Bagley* v. *White*, 4 Pick. 395; *Sanderson* v. *Edwards*, 16 Pick. 144; *Shephard* v. *Butterfield*, 4 Cush. 425; *Bryant* v. *Osgood*, 52 N. H. 182. That the "custody" of the defendant in the case at bar was not sufficient, within this rule, is manifest without argument. It is, perhaps, hardly necessary to add that no question arises in this case as to what would be a valid levy, under the provisions of §§ 272 and 273, ch. 66, Gen. Stat.

Order denying new trial reversed.

McMILLAN, C. J. (Dissenting.) The only question presented for determination here is the validity of the levy made by the defendant, as against the plaintiff. There is no dispute as to the facts.

It is provided by § 271, ch. 66, Gen. Stat., that "Personal property capable of manual delivery shall be levied upon by the officer taking it into his custody." It seems to me there can be no doubt that the acts of the officer during his visit to Phillips, the defendant in the execution, on December 3, constituted a taking of the wheat in the granary into his possession and custody, and a valid levy thereon, unless it was rendered void, as against the plaintiff, by the subsequent conduct of the officer in leaving the wheat in the granary until the forenoon of December 5. The facts are that the levy was completed about noon on December 3, and the property removed by the defendant from the

place of the levy within forty-eight hours thereafter, the officer being compelled to hire five teams to haul the wheat into town, which, notwithstanding his efforts to do so, could not be done sooner.

The levy being made, and the property taken into the custody of the officer, it is not necessary in all cases, in order to preserve the levy, that the officer remove the goods immediately, nor that he put a person into actual possession immediately , a reasonable time, to be determined by the facts in each case, must be allowed for this. The levy will be good, if followed up afterwards, within a reasonable time, by such acts of possession as may be sufficient to apprise everybody of the fact that the property has been taken in execution. I think the facts in the case show a valid levy as against all persons. *Wood* v. *Van Arsdale*, 3 Rawle, 401 ; *Butler* v. *Maynard*, 11 Wend. 548 ; *Mills* v. *Camp*, 14 Conn. 219 ; *Ray* v. *Harcourt*, 19 Wend. 495 ; *Beekman* v. *Lansing*, 3 Wend. 446, 450 ; *Gallagher* v. *Bishop*, 15 Wis. 276 ; *Acton* v. *Knowles*, 14 Ohio St. 18 ; *Bond* v. *Wil let*, 1 Abb. Ct. App. Dec. 165 ; Crocker on Sheriffs, § 436