## HOLLAND *vs.* HEYMAN & BROTHER.

1. The bankruptcy of a corporation does not put an end to the corporate existence, nor vacate the office of its directors.
2. After a chartered bank has been adjudicated a bankrupt, a member of its last active board of directors, (the board in existence when the failure occured and the act of bankruptcy was committed,) cannot buy up claims against it at a discount, and entitle himself to credit therefor at full face value in settlement with creditors on his personal liability as a stockholder. At least, this cannot be done so as to defeat the suit of a creditor who commenced his action before the bought-up claims were actually applied in extinguishment of the stockholder's personal liability, and whilst the stockholder held them, as transferee, open against the bank, he not having surrendered or canceled them until after the action was brought.

3. When a stockholder is sued as such, and he defends on claims against the bank, purchased by him, his legal disability as a director to purchase at a discount may be urged by the plaintiff in reply, without any allegation to that effect in the pleadings.

Bankrupt. Corporations. Directors. Pleadings. Before Judge HILLYER. Fulton Superior Court. October Term, 1877.

On September 10, 1875, Heyman & Bro. brought complaint against E. W. Holland as a *stockholder* of the Dollar Savings Bank, to recover of said Holland by reason of his ultimate liability for the indebtedness of the bank, to the extent of his *pro rata* share thereof, in the proportion that the stock of the bank ($50,000) bore to his stock ($7,500), upon a certificate of deposit issued by said bank, as follows:

" No. 756.            " ATLANTA, GA., 20th Sept., 1873.

" This is to certify that M. Heyman & Bro. have deposited in the Dollar Savings Bank one thousand and twenty-five dollars.   Interest at fifteen per cent., to remain thirty days or longer.   $1,025.00.            J. M. WILLIS, Cash'r."

" Jan. 1, 1875.—Received on the within one hundred and ten dollars and thirty-four cents."

The indebtedness alleged is $66,375, and the amount of Holland's liability $9,900.

To this action Holland filed the following pleas:

1. General issue.

2. That prior to the commencement of this suit, to-wit: on the 5th of August and 6th of September, 1875, he had discharged any and all liability he might have incurred by reason of having been a stockholder of said bank, by paying to other creditors of said bank than the plaintiffs, an amount equal to the full proportion his stock bears to the whole amount, to-wit: to S. B. Hoyt $9,460.28 principal and $1,733.19 interest; to Lucy S. Olfield and others (naming them) $1,733.17 principal and $59.46 interest, or $11,-193.45 principal, and $757.65 interest.

3. That prior to the commencement of said suit, to-wit:

on the 5th of August and 6th of September, 1875, he had redeemed by purchase an amount of the indebtedness of said bank as large as his liability as a stockholder, which said indebtedness is fully set forth, amounting in the aggregate to $11,193.45 principal, and $757.60 interest.

Plaintiffs introduced in evidence said certificate, and agreement of counsel, as follows : " The corporate existence of the bank is admitted as alleged.   The indebtedness of the bank to plaintiffs for the amount is admitted, less a dividend of ten per cent. paid by the trustees of the bank in bankruptcy.

It is admitted that the bank was declared a bankrupt in involuntary bankruptcy, on the 24th of March, 1874, upon the petition of John McKenna, filed ——, 1873.

It is admitted that Holland was a stockholder in said bank to the amount of $7,500, at the time the bank's indebtedness to plaintiffs was contracted, and that the whole indebtedness of the bank while Holland was a stockholder, and in existence at the time suit was brought, was $66,375."

The plaintiffs here closed, and defendant's counsel introduced in evidence a certificate under oath of the trustees in bankruptcy of said bank, showing that the claims pleaded by Holland were just claims against the bank, that they had been duly proven in bankruptcy and assigned and transferred to him as pleaded, and that they had been surrendered by him and canceled by the trustees.

The defendant closed, and plaintiffs introduced S. B. Hoyt, who testified as follows : He was shown his original transfer to Holland as copied in the certificate of the trustees of the Dollar Savings Bank, and asked if it spoke the truth? he answered that it did; witness was then asked what Holland paid him for said claim, which question was objected to on the ground of irrelevancy, and on the further ground that no attack of the *bona fides* of defendant's debt, transferred to him by Hoyt, was made by any allegation in the pleadings.   The objection was overruled on both grounds.

Witness then testified, that owing to the lapse of time, he did not remember exactly, but thought that Holland paid him an average of about fifty cents on the dollar on all the claims witness transferred to him. Witness was then asked if Holland was not a director of the Dollar Savings Bank? which question was objected to on the ground that there was no allegation in the declaration charging him with being a director, and no averment or charge in the pleadings charging him with being a director, and no averment or charge in the pleadings authorizing such proof. The objection was overruled. Witness then testified that he knew that Holland was a director of the bank at the time it failed, in September, 1873, from a statement of Holland to him, who, in the same conversation (which took place shortly after the failure of the bank), told him that he had resigned ; that he did not think Holland was a director at the time of the purchase by and transfer of the claims to him, but that he was a director up to the time of the suspension of the bank. On cross-examination, witness was asked if there was not a meeting of the stockholders of the bank the day after it failed, and if, at that meeting, all the directors and officers were not turned out and the bank placed in charge of a finance committee ? witness answered, that his understanding was that at the time of the suspension all the directors and officers of the bank were suspended or resigned; that he got his information from Mr. Holland, who made that statement at the time and in the same conversation in which he (Holland) told witness that he had been a director ; witness further stated, that shortly after the adjudication in bankruptcy he was elected one of the committee of creditors of said bank, and was the chairman of that committee ; that at a meeting of said committee, held long prior to the purchase by and assignment of said claims to Holland, defendant tendered his resignation as a director to said committee, stating that he did not consider himself a director—that he had resigned, but that he offered his resignation then, so that there could be no question ; that this occurred long before Holland purchased the claims from him.

The jury returned the following verdict:

"We, the jury, find for the plaintiffs the sum of nine hundred and fourteen dollars and eighty-two cents, principal, with interest, at seven per cent. per annum, amounting to two hundred and seventy-five dollars and fifty cents, making a total of eleven hundred and ninety dollars and thirty-two cents ($1,190.32), and costs of said suit."

Defendant moved for a new trial on the following grounds :

1st. Because the court erred in permitting the plaintiffs' counsel, over the objection of defendant, to prove by S. B. Hoyt what defendant paid him for the claims he transferred defendant, the testimony being objected to as irrelevant and inadmissible under the pleadings.

2d. Because the court erred in overruling the objection of defendant's counsel to plaintiffs' proving by S. B. Hoyt, that defendant was a director of the Dollar Savings Bank, there being no allegation in the declaration charging defendant with being such director.

3d. Because the court erred in charging the jury as follows, to-wit: "If Holland was a director in the bank, and it failed and became insolvent, and thereupon its officers, Holland among them, in consequence of such insolvency, surrendered their powers and assets to a committee and exercised no further corporate authority, this would be, in law, no more than an abandonment of their powers as such officers, and would not relieve them from the duties, liabilities and disabilities of their said offices.   If the action Holland took was really merely an abandonment of his office, calling it a resignation would not make it so, and if really a resignation, it would not be effectual unless accepted expressly or by implication.   An express acceptance should appear by some vote or resolution of the proper authority of the corporation, but could not be implied from mere assent by such authority to a surrender of all powers and assets to a committee or from acquiescence in the same."

4th. Because the court errred in the following charge to

the jury : " An adjudication of bankruptcy against a corporation would not vacate the office of director or make the resignation effectual."

5th. Because the court erred in charging the jury as follows : " It is forbidden by law for a director to buy up debts or claims against his bank at less than full face value. If any president, officer, director or agent of any bank shall by himself or agent, or in any other manner, either for himself or for the bank, directly or indirectly, purchase or be interested in the purchase of any bill or check, or other evidence of debt, issued by the said bank for a less sum than shall appear then due on the face thereof, such person so offending shall be guilty of a misdemeanor."

6th. Because the court erred in charging the jury as follows : " If Holland was a director, and within the sense here explained or otherwise, remained and continued a director until he bought such claims or demands against the bank, and he paid for them less than the full face thereof, such purchase by him would be illegal and void, and he would acquire no title to such claims or demands."

7th. Because the court erred in qualifying the following charge with these words : " As well as under those to be presently stated as arising in case of a bank director," and afterward charging as complained of in the 3d, 4th, 5th and 6th grounds. The charge was as follows : " If Holland, by *bona fide* purchase, had become the holder of demands against the bank of the kind and description for a *pro rata* share of which the stockholders were by the charter liable, and by such purchase, under the principles applicable in like cases as well as under those to be presently stated as arising in case of a bank director, he acquired a lawful title to claims or demands to an amount greater than his proportionate liability as stockholder, he would have the right to plead and prove the same as a defense against the plaintiffs' present action, and sufficient proof thereof would defeat the plaintiffs' suit."

8th. Because the verdict is contrary to the following charge : " If the defendant, Holland, had been a director in

the bank, and before he bought up such claims or demands, he had *bona fide* resigned his office of director, and his resignation had been accepted by the corporation, either expressly or by acquiescence, he would have the same right to buy or own claims against the bank, and use them in this case for a defense, as any other stockholder would have."

The motion was overruled and defendant excepted.

CANDLER & THOMSON; COLLIER & COLLIER,' for plaintiff. in error.

E. F. HOGE; SAMUEL WEIL, for defendants.

BLECKLEY, Judge.

1. The bankruptcy of a corporation does not put an end to the corporate existence, nor vacate the office of the directors. A corporation of this state cannot be dissolved by an act of congress, or by the administration thereof, through the federal courts. Georgia created, and she alone can destroy. Code, §§1485 *et seq.* ; §§1651, 1670, 1682, 1684. Besides, it is not the purpose of the bankrupt law to dissolve corporations. The assets are seized, but the franchise is spared. "Your money," not "your life," is the demand made by the bankrupt act.

2. After a chartered bank has been adjudicated a bankrupt, a member of its last active board of directors (the board in existence when the failure occurred and the act of bankruptcy was committed) cannot buy up claims against it at a discount, and entitle himself to credit therefor, at full face value, on settlement with creditors on his personal liability as a stockholder.

At least, this cannot be done so as to defeat the suit of a creditor who commenced his action before the bought up claims were actually applied in extinguishment of the stockholder's personal liability, and whilst the stockholder held the claims, as transferee, open against the bank, he not hav-

Holland *vs.* Heyman & Brother.

ing surrendered or canceled them until after the action was brought. 42 *Ga.*, 575. As a general principle, it would seem that an officer whose duty it was to conduct the vessel into port cannot buy up claims against the wreck at a discount, and take credit therefor on his own liabilities at par. Code, §4428.

3. On the question of pleading, there is no real difficulty. When a stockholder is sued as such, and he defends on claims against the bank, purchased by him, his legal disability as a director to purchase at a discount may be urged by a plaintiff in reply, without any allegation to that effect in the pleadings.

In Georgia, we have no replication.

Cited for plaintiff in error: 40 *Ga.*, 391; 42 *Ib.*, 575; 56 *Ib.*, 563; 26 *Ib.*, 1; Code, §3332; 1 *Ga.*, 70; 13 *Ib.*, 195; 2 *Ib.*, 258; 58 *Ib.*, 598; 57*Ib.*, 81; 30 *Ib.*, 619; 32 *Ib.*, 372; 58 *Ib.*, 540; 55 *Ib.*, 294; 51 *Ib.*, 289; 30 *Ib.*, 944; 29 *Ib.*, 203; 7 *Ib.*, 503; 11 *Ib.*, 286; 8 *Ib.*, 114, 178; 29 *Ib.*, 647; 30 *Ib.*, 241, 361; 32 *Ib.*, 228; 44 *Ib.*, 28; 45 *Ib.*, 108; 47 *Ib.*, 70, 80; 48 *Ib.*, 48; 50 *Ib.*, 203; 52 Mo., 583; 19 Johns., 456, 473; 11 B. R. R., 162; 48 Mo., 543; 17 N. Y., 93; 8 Cowen, 387; 24 Wend., 473; 16 *Ga.*, 227; 42 *Ib.*, 582; 26 *Ib.*, 27.

Cited for defendants in error: Acts of 1870, p. 95; acts of 1868, p. 36; 42 *Ga.*, 582; 20 *Ib.*, 295; 4 *Ib.*, 395; 56 *Ib.*, 563; 16 *Ib.*, 245, 246; Code, §4430; 5 *Ga.*, 239; Ang. & Ames on Cor., §§433, 434; Grant on Cor., 224, 225, 247; Dillon M. C., §163, *et seq.*; 24 Eng. C. L., 25; 1 Ld. Raym., 563; 2 *Ib.*, 1304; 2 Sweeny, 652; 48 N. Y., 427; Bump., 8 *ed*, 789; 4 B. R., 537; 13 *Ib.*, 385; 12 *Ib.*, 559; Code, §1684; 4 Edwards, 123; 24 Vt., 228; 33 Maine, 132; 6 Gill.& J., 205; 2 Duval, 17; 57 *Ga.*, 340; 21 Law. Rep., 138; Redfield Railways, §235, and note; 2 Abb. C. C., 151; 8 Phila., 639; 43 *Ga.*, 442; 33 Conn., 516; Ang. & Ames Cor., §491 *et seq.*; 7 Conn., 214; 8 Metc., 301; 22 N. Y., 128; 38 Barb., 181; 11 *Ga.*, 556; 59 Me., 277; 2 Black, 715; Dunlap's Paley, 34.

Judgment affirmed.