ADLER, GOLDMAN & Co. *v.* ROTH, Defendant, and SHAPLEIGH & Co., Intervenors.

(*Circuit Court, E. D. Arkansas.* ——, 1881.)

1. ATTACHMENT—LEVY—PERSONAL PROPERTY.

To constitute and preserve an attachment of personal property capable of manual delivery, the officer must take the property into custody and continue in the actual possession of it, by himself, or by an agent appointed by him for that purpose.

2. SAME—TWO WRITS—PRIORITY.

Where writs of attachment issue from a federal and state court against the same defendant, the one under which the property is first actually taken into custody has priority, without regard to the date of the respective writs, and a United States marshal and sheriff cannot make a joint or partnership levy, nor can one of these officers make a levy subject to the prior levy of the other.

*Caldwell Bradshaw,* for intervenors.

*Cohn & Cohn* and *Eben W. Kimball,* for Adler, Goldman & Co.

*N. & J. Erb,* for E. Roth.

CALDWELL, D. J. On the twenty-sixth of November, 1880, Adler, Goldman & Co. sued out of this court a writ of attachment against the property of E. Roth, and placed the same in the marshal's hands for service. On the same day Shapleigh & Co. sued out a like writ against the same defendant, before a justice of the peace, and placed it in the hands of a deputy sheriff for service. The plaintiffs in the last writ petition for

an order requiring the marshal to release 12 wagons and 18 barrels of salt from the levy of the writ in his hands, and turn the same over to the custody of the deputy sheriff, upon the ground that the latter officer executed the first attachment on the same. The petition is contested by the other attaching creditors and the defendant in the writs.

The writs of attachment in the hands of the marshal and deputy sheriff respectively have been introduced in evidence. The returns on both writs show on their face a valid levy. From the face of the returns it appears the marshal levied on the property at 5 o'clock P. M., and that the deputy sheriff levied on the same property at 6 : 30 o'clock P. M. of the same day. Each officer testifies to the correctness of his return, and the deputy sheriff testifies that he made his levy nearly an hour before the arrival of the train which brought the deputy marshal to the town where the property was found. In the view taken of the case it is not necessary to determine which one of these officers is right in his recollection as to the time he cast a furtive glance after night on the property. It turns out that neither of them knew what constituted a valid levy of a writ of attachment on personal property, and neither of them made an effectual levy on the night in question, whether the property be regarded as capable of manual delivery or otherwise.

The deputy sheriff testifies that the property was on an unenclosed lot in the rear of the storehouse of the defendant in the attachment; that it was dark at the time he went where the property was found; that no one was in the storehouse or about the premises; that the storehouse was locked and the key in the possession of the deputy marshal, but not the deputy who afterwards levied the writ on the wagons and salt; that by the light of a burning match he ascertained the maker's name on the wagons and went away, and afterwards indorsed his return upon the writ. He did not take the property into his custody, or remove it, or put it in the custody of any one, or procure a receiptor for it. He did not even have the agreement of the debtor that it might remain where it was without interference. He did absolutely nothing but go

to the place where the property was and look upon it by the light of a burning match, and then go away, leaving it in the open lot where he found it, and where it was afterwards found and levied upon by the marshal. The Code provides that the officer shall execute the order of attachment "upon personal property, capable of manual delivery, by taking it into his custody and holding it, subject to the order of the court. Upon other personal property by delivering a copy of the order, with a notice specifying the property attached to the person holding the same." Section 399, Gantt's Dig.

These provisions only formulate the previously well-settled rules of law on this subject. The "custody and holding" required in the case of property capable of manual delivery is actual and real, not ideal or constructive.

The officer's indorsement on the writ that he has levied on the property and taken it into his custody amounts to nothing if he has not in fact done so. He must obtain the power and control over it, and take it out of the power and control of the debtor. The object of a writ of attachment is to take the property out of the debtor's possession and transfer it into the custody of the law for the security of the plaintiff. *Hollister* v. *Goodale*, 8 Conn. 332.

The authorities are uniform that to constitute and preserve an attachment of personal property, capable of manual delivery, the officer must take the property into custody, and continue in the actual possession of it by himself or an agent appointed by him for that purpose. If to do this it is necessary to remove the property, then it must be removed. Where the debtor is divested of his possession and control, and the officer or his agent is in the actual custody of the property, it may remain in the place where it is found. But if a removal is necessary in order to retain possession, it is the duty of the officer to remove it; and the fact that the removal will be attended with some inconvenience does not furnish an excuse for a neglect to retain possession. *Chadburne* v. *Sumner*, 16 N. H. 129; *Miller* v. *Camp*, 14 Conn. 219; *Gower* v. *Stevens*, 19 Mo. 92; *Lane* v. *Jackson*, 5 Mass. 157; *Gale* v. *Ward*, 14 Mass. 356; *Odiorne* v. *Colley*, 2 N. H. 66; *Huntington* v.

*Blairdell,* Id. 317; *Butterfield* v. *Clemence,* 10 Cush. 269; *Crowfor* v. *Newell,* 23 Iowa, 453.

The wagons and salt in question were capable of manual delivery. They were the property of the defendant in the writs, on his premises, and in his possession. The deputy sheriff did nothing whatever to divest or change this possession, or prevent the attachment of the property by any other officer. In the first instance the levy made by the marshal was no better than that made by the deputy sheriff, but afterwards, and before the deputy sheriff had taken or attempted to take the actual custody of the property, the marshal perfected his levy by taking actual possession, and now has the property in his custody. It is needless to inquire whether the writ from this or the magistrate's court was first issued. The rule is well settled that in case of such writs issuing from a federal and state court against the same defendant, the writ under which the property is first actually taken into custody has priority, without regard to the date of the respective writs. The usual statutory provision that an execution or writ of attachment shall be a lien upon or bind the property of the defendant in the writ from the time it comes to the hands of the officer, has no operation in such cases. In the case at bar neither the marshal nor the deputy sheriff had the least priority of right until one had acquired it by a prior valid levy. The possession under such a levy is notice of the attachment, and prevents a second attachment, and all conflict of jurisdiction. Nor can the marshal of this court and a sheriff make a joint or partnership levy on the same property, nor can one of these officers make a levy subject to the prior levy of the other. They act under authority of different governments, and each must make his return and account to the court of which he is an officer. Any effort to mingle their powers and authority would lead to confusion, and tend to bring about conflicts between the courts of the two governments and their officers. To avoid these results the rule is inflexible that property cannot be the subject of levy under writs issuing from a federal and state court at the same time. The first actual seizure,

whether under the federal or state authority, withdraws the property from the reach of the process of the other. *Hagan* v. *Lewis*, 10 Pet. 400; *Brown* v. *Clark*, 4 How. 4; *Pulliam* v. *Osborne*, 17 How. 471; *Taylor* v. *Caryl*, 20 How. 583; *Fox* v. *Hempfield R. Co.* 2 Abb. U. S. 151; *Johnson* v. *Bishop*, 1 Woolw. 324; S. C. 8 Bank Reg. 533.

Petition dismissed.