John C. Grund, *et al.* v. H. J. Tucker, *et al.*

*Error from Leavenworth County.*

1. Action v. Stockholders.—A creditor can maintain an action at law against one or more stockholders in an insurance corporation organized under chapter 31, laws of 1863, [*L.* '63, *p.* 54,] to recover a debt due by the corporation.
2. Action: Evidence.—In such action, a judgment rendered against the corporation is *prima facie* evidence of the debt against a stockholder.
3. Damages: Interest.—It is proper to allow interest on the original judgment against the corporation.*

The body of the verdict of the jury in the case below was as follows : " We, the jury, find for plaintiff ten hundred and fifty dollars principal, and one hundred and thirty-nine dollars and forty-five cents interest, twenty-three months and seven days at seven per cent. per annum. John Grund's stock in company, $1,500.　William Schroeder's stock in company, $1,250.　Jacob Vogel's stock in company, $510."

The following is quoted from the body of the judgment entered on the verdict : "And the jury having found that there was due the plaintiffs eleven hundred and eighty-nine dollars and forty-five cents ($1,189.45), and that the defendant, John C. Grund, was a stockholder in the Kansas Home Insurance Company at the time the debt mentioned in plaintiff's petition was contracted, in the sum of fifteeen hundred dollars, and the said William Schroeder in the sum of twelve hundred and fifty dollars,

---

*1. Statutory: Construction:—Semble, where a statute confers a right and prescribes a remedy, that remedy only can be pursued.

2. Stockholders' Liability: Contribution.—Semble, in a petition of a creditor of an insurance company organized under chapter 31, laws of 1863, against a stockholder in alleging liability, it is only necessary to state the nature of the "debt or responsibility," and if the stockholder desires to have contribution; Semble: he may bring in the other stockholders and yet it seems that an action is maintainable by such creditor against any one stockholder.

and the said Jacob Vogel in the sum of five hundred dollars: It is therefore considered ordered and adjudged that the said plaintiffs have and recover of, and from, the said defendants, Grund and Schroeder, the said sum of eight hundred and eighty-nine dollars and forty-five cents, ($1,189.45); and of the defendant Vogel, upon said sum of eleven hundred, eighty-nine dollars and forty-five cents, ($1,189.45.), the sum of five hundred dollars, ($500), so found due by the verdict of the jury, as well as all costs herein expended, and that execution issue therefor."

The court charged the jury as follows :

This is a suit brought by the plaintiffs against several individuals, setting forth that those individuals were stockholders in "The Kansas Home Insurance Company," and that they were stockholders at the time their loss is alleged to have taken place.

That the plaintiffs obtained a judgment against the said company for $1,050.00. That execution was issued therefor, and returned no property of the Company found on which to make that sum of money. Plaintiffs now bring suit against these persons as stockholders, and ask personal judgment against them.

So far as one of the parties is concerned, Mr. Bayers, there is no proof of his having any stock in the company.

With regard to three of them, Messrs. Grund, Schroeder and Vogel, they were placed on the stand as witnesses, and testified to the possession of a certain amount of stock at a certain time.

The law under which the company was organized provides that the stockholders shall be individually liable for the debts of the company for an amount equal to their stocks; that is, if one person had $500 stock in the company, he would be liable for the debts of the company for a sum not exceeding $500.

If the testimony shows that all these three defendants had stock in the company to an amount greater than the amount of the judgment and interest, the plaintiff would be entitled to a judgment against them all for the amount of that judgment and interest.

If any one of them held a less amount of stock than the amount of that judgment and interest, he would not be liable for a greater amount than he had. *The evidence makes a prima facie case against the defendants, and there is no rebutting evidence introduced.*

The form of your verdict will be: We the jury find for the plaintiffs, and assess their damage at that amount and interest from the 3d day of December, 1866. Providing, that you find all these three men had stock in the company in an amount exceeding that sum, you will find against them all. If you find any one had a less amount, you will specify that in your verdict; that is, if you find one had only $1,000 in stock, your verdict will be against him for that amount.

*F. P. Fitzwilliam*, for plaintiffs in error.

*Sears and Taylor*, for defendants in error.

*For plaintiffs in error*, on the points determined, it was contended:

1. A new trial should have been granted because there is no authority to sue a stockholder after judgment on the claim has been procured against the corporation. By § 15, act 63, p. 58, the legislature intended to make stockholders subject to be assessed *pro rata* by the corporation to the extent of their statute liability for the debts of the company, and not to make them directly, jointly and severally liable, in suit by the creditors of the company. 36 *Maine*, 22. But this assessment could be made

by the company only after exhauting other assets and this by a proceeding in chancery. *Bogardus v. Rosendal Mnf. Co.*, 7 *N. Y.*, 152; *Baker v. Atlas Bank*, 9 *Metc.*, 192; *Knowlton v. Ackley*, 8 *Cush.*, 93; *Morgan v. Albany R. R.*, 10 *Paige*, 290; *Harris v. First Parish*, 23 *Pick.*, 113; 45 *Maine*, 511.

2. If the corporation is insolvent *or dissolved*, proceedings should be taken to ascertain who were stockholders liable to contribute. These facts being ascertained, contribution *pro rata* would be enforced. 20 *Johns.*, 669.

3. Section 13, laws 1865, authorizes suits at law to be brought by the corporation against the stockholders for any cause relating to the business of the corporation.

That is, if the corporation is indebted, it may compel contribution from the stockholders, if there is no corporate fund from which to discharge the corporate liability.

So also, if payment is withheld more than sixty days after the company suffered a loss, then any stockholder can maintain his suit against the corporation to compel payment.

Thus the statute creates a mutuality of liability between the corporation and the stockholders by which corporate debts may be discharged, and it permits either to sue for that purpose. It nowhere gives a creditor this permission.

4. If neither the corporation nor the stockholders move in the matter, then the creditor could proceed to have a forfeiture of corporate privileges declared, or be allowed to join in an action with the corporation against the stockholders for contribution. 7 *N. Y.*, 147; 4 *Sandf.*, 89; 8 *Cush.*, 93.

5. The liability of stockholders is a *statute* liability, and not a *contract* liability. 1 *Edwards*, 84; 45 *Maine*, 190.

6. The right to maintain an action must be construed strictly. *Hoard v. Wilcox*, 47 *Pa.*, 58; *Gray v. Coffin*, 9 *Cush.*, 199; *Kelton v. Phillips*, 3 *Metc.*, 63.

7. Sections 36 and 37, civil code, provide for the proper parties to the action, and show that the stockholders must necessarily all be brought in at least as sureties, the company being a party as principal debtor.

8. A judgment recovered against a corporation is not *prima facie* evidence of the liability of a stockholder in suit against him. *Bonaffe v. Fowler*, 7 *Paige Ch.*, 576; *Moss v. McCullough*, 5 *Hill* 132; *Strong v. Wheaton*, 38 *Barb.*, 616; *Belmont v. Coleman*, 21 *N. Y.*, 102.

But the ruling of the court in Slee v. Bloom, 20 *Johns.*, 669, relied on by defendant, was made upon a different state of facts from the case at bar. 6 *Cow.*, 26.

KENT, Chancellor, in considering this case, "held that the judgment, although binding upon the company in its corporate capacity, was not upon the defendants when the statute liability was sought to be enforced."

In New York the constitution fixes the liability of a stockholder as that of a surety, and so of Ohio. *Right v. McCormic*, 17 *Ohio*, § 85.

9. The creditor must sue on the original cause of action. 3 *Hill*, 192.

10. Corporators are not parties to a suit against the corporation, [2 *Sandf.*, 686, 732; 2 *How. U. S.*, 554; 3 *Conn.*, 489; 7 *N. Y.*, 485; 2ð *Mo.*, 790,] and they cannot be bound by a judgment against the corporation. 24 *Wend.*, 25; 1 *Smith, Lead. Cas.*, 834.

11. Besides the claim was unliquidated and was therefore not a "debt" within the meaning of the law. *Heacock v. Sherman*, 14 *Wend.*, 58.

12. The claim, if one existed against the stockhold-

ers, was for the original indebtedness only. It was there-
fore error to enter judgment against them for interest
and costs of the original action against the company.
*Cole v. Butler*, 45 *Maine*, 405.

*Sears and Taylor, for defendant in error,* contended :

1.   A creditor can maintain an action at law against
one or more stockholders in an insurance corporation
organized under the laws of 1863, chapter 31, to recover
a debt due by the corporation.    17 *Ohio S.*, 86, 113;
36 *Maine*, 22; 39 *id.*, 35; 24 *Wend.*, 473; 25 *New York*,
224; 2 *Denio*, 119; 2 *Hill*, 269; 4 *Bosworth*, 406; 3 *Paige*,
409;   8 *Cowen*, 386;   1 *Comstock*, 47;   20 *Wend.*, 614;   3
*Conn.*, 52.

2.   In such action a judgment rendered against the
corporation is *prima facie* evidence of the debt.    20 *Johns.*,
669; 2 *Hill.*, 269; 1 *Bosworth*, 188; 21 *New York*, 96 ; 36
*Barb.*, 57; 39 *Maine* 35 ; 6 *Ed. Angel and Ames on Corp.*,
§§ 624, 626.

*By the Court,* KINGMAN, C. J.

This is an action brought by the plaintiffs against the
defendants below, plaintiffs in error here setting forth
that these persons were stockholders in " The Kansas
Home Insurance Co.," and that they were such stock-
holders when the liability sued for was incurred ; that
the plaintiffs obtained a judgment against the said com-
pany for $1,050.00 ; that execution was issued therefor
and returned no property of the company found, and the
plaintiffs asked personal judgment against the defendants
for the  amount of the judgment obtained by them
against the company.

The defendants set up for answer four grounds: First, a general denial; second, denying that any such organization existed as a corporation; third, denying that either of the defendants was a stockholder in such corporation; and, fourth, the statute of limitations. The testimony showed that such a company was duly incorporated; that the defendants were stockholders therein; that the company commenced issuing policies of insurance on the 1st of April, 1865, and closed up their business by a general transfer to another party of its books, papers, etc., on the 1st day of October, 1865; that none of the defendants had ever paid anything on their stock, nor had they transferred it or were aware of what had become of it. The defendants were all on the stand as witnesses, admitting that they had been stockholders from the organization of the corporation till it broke up, but each of them was unable to state exactly the amount of his stock. One of them had been president. The insurance of Tucker & Bro. was made while the company was in existence and doing business, and this was the only loss of any considerable amount that the company sustained of a pecuniary character. Their insurance was effected in August, 1865, for one year, and their loss occurred in February, 1866. They had sued the company, recovered judgment, and had execution against them on which was a return of "no goods."

The main propositions involved in this case are, what are the liabilities of the defendants in the case made out? because on the facts shown in evidence, the court below virtually instructed the jury that as there was no evidence for the defense, the plaintiffs had made out a *prima facie* case, and were entitled to recover if the jury believed they were stockholders, and directed them if

they found for the plaintiffs to also. find the amount of stock held by each of the defendants. Section 14 of chapter 31, laws of 1863, p. 58, reads as follows: "The stockholders of any company organized under this act shall, to the amount of stock by them held, be jointly and severally liable for all debts or responsibilities of such company.

STOCKHOLDER'S Liability. The language used here is very broad, so far as the liability of the stockholder is involved. Wherever there is a debt, or a responsibility of the corporation, there is also an individual liability of the stockholder therefor to the amount of the stock by him held. A judgment against the corporation is at least a responsibility for which the stockholder may be held answerable. Now how is that liability to be enforced? The decisions in other states throw no light upon this question, for it is plain from the case of Knolton v. Ackley [8 _Cushing_, 93] that the statute in that state (Massachusetts) prescribed the remedy in such cases, and very properly held that where a statute confers a right and prescribes a remedy, that remedy, and that only, can be pursued; while in Ohio it appears that the statute only holds the stockholder liable "_for the purpose of securing the creditors of such company,_" and it is upon this phrase that the intimation is given in 17 Ohio, 593, that the action must be in the nature of a bill in equity making all the creditors parties, because it is a fund for the "_security_" of all alike.

But our statute makes the stockholder primarily liable; all that is necessary in an action is to state the nature of the "debt or responsibility," and if the stockholder thinks he ought to have contribution he may bring the other stockholders before the court; but in this case, for aught that appears from the pleadings, the

defendants are the only stockholders and the plaintiffs the only creditors; and were it otherwise, we cannot perceive that when a right is given jointly and severally against a number of men, that a man may not have his action against any one of them.

EVIDENCE: Judgment.     The next important question is, is a judgment against a corporation *prima facie* evidence of the claim in an action against a stockholder? This has been decided both ways so often in New York that the law on that point must be considered in a state of delightful uncertainty. In an early case it was held that the defendants were chargable with the judgment on the principle that the trustees, as the agents of the stockholders, had contracted the debt and fixed the liability, and that the stockholders could impeach the consideration of the indebtedness upon no other ground than that of fraud or error in the litigation; nor could this be done without laying the foundation for it in the pleadings. "We must regard the judgment," says Chief Justice SPENCER, "as a solemn admission of indebtedness, but it is not binding as a *res judicata* upon the stockholders if it was procured by fraud or is founded in error." *Slee v. Bloom*, 20 *Johns.*, 669. And this, it seems to us, is sound doctrine that can be sustained on principle as well as by authority. A judgment against a corporation is of itself one of the "highest evidences of indebtedness known to the law;" it is a solemn admission of record that the corporation owes the amount for which judgment is rendered, and especially under a statute like ours, that is silent as to suretyship of the stockholder, but does make him liable for the debts of the corporation without prescribing any previous action or steps necessary to fix that liability. We must hold that a judgment is *prima facie* evidence of

the fact that the corporation is "responsible" for that amount, and that "responsibility" is all our statute requires to make out a case against the stockholder.

These views, in our judgment, are decisive of the whole case, and include necessarily most of the points made by the learned counsel for the plaintiffs in error. It is claimed, however that the judgment is erroneous in form. The jury found that John Grund held stock in the company to the amount of $1,500, and William Schroeder to the amount of $1,250, and Jacob Vogel to the amount of $500, and the judgment was against the first two for the amount of the verdict, $1,189.45, and against Vogel for $500. It is possible to construe the judgment by its terms as for a sum larger than the verdict by $500, but taking the recitals in the judgment, we do not think that would be a fair construction, nor that any such strained construction ought to be put upon it.

The judgment included interest on the judgment against the corporation.

If the original judgment was evidence of an ascertained debt or responsibility of the corporation, this was correctly done.

The judgment of the court below must be affirmed.

All the Justices concurring.