Moore et al. v. Whitcomb.

---

JOHN C. MOORE *et al.*, Plaintiffs in Error, *v.* GEORGE W. WHITCOMB, Defendant in Error.

1. *Corporations — Railroad — Dissolution — Act to foreclose the State's lien.* — A corporation may be dissolved by a surrender of its franchises, and if a corporation suffers acts to be done which have the effect of destroying the end and object for which it is created, it is equivalent to a surrender of its right.

2. *Corporations — Railroads — Cairo & Fulton Railroad, seizure and sale of.* — The seizure and sale of the Cairo & Fulton Railroad under the State lien extinguished the Cairo & Fulton Railroad Company, such seizure and sale destroying the objects for which the corporation was instituted (Answers to questions, etc., 37 Mo. 135, cited and affirmed.)

*Error to Mississippi Circuit Court.*

*Polk, Causey & Drake,* for plaintiffs in error.

I. By section 19, p. 329, Gen. Stat. 1865, it is expressly provided that on the dissolution of a corporation the officers of it are trustees for the purpose of administering its assets. If there is only one surviving officer, he, of course, is sole trustee for these purposes.

II. There can be no question that the corporation was dissolved at the time this proceeding was instituted. The petition states expressly that the corporation was dissolved on the 1st of October, 1861, and the question of such dissolution is completely covered by the confession made by the demurrer. (Mumma v. The Potomac Company, 8 Pet. 281.) The manner of the dissolution is utterly immaterial while the fact of dissolution stands confessed.

III. It is unnecessary and supererogatory that the petition should have stated any other facts bearing on this point. But it does state other facts. It expressly avers that the charter of the Cairo & Fulton Railroad Company was repealed. The fact of repeal therefore stands admitted, and cannot be questioned in the posture in which this case stands before this court. Of course the dissolution of the corporation is the inevitable consequence. The petition further states that the State of Missouri seized and took possession of the franchises of the company, and all its rolling stock and other property, and on the 1st of October, 1861, sold the same. Such seizure worked a dissolution. A corporation may be dissolved by a surrender of all its corporate rights, and may do and suffer to be done acts equivalent to a direct surrender; and if a corporation suffer acts to be done which destroy the end and object for which it was instituted, it is equivalent to a surrender of its corporate rights — that is, it is dissolved. (Slee v. Bloom, 19 Johns. 456.)

IV. When the State becomes the purchaser of such railroad under the lien reserved, both the lien and the former company are extinguished, and the indebtedness is extinguished with the company. (Advisory constitutional opinion, 37 Mo. 129.)

*Louis Houck*, for defendant in error.

I. The bill shows no equity. Courts of equity will not consider a corporation dissolved until the fact of a dissolution has been first ascertained by a proceeding in *quo warranto* or by *scire facias*. No such proceeding has taken place in the case at bar. How, then, can a court of equity consider the corporation "dissolved? (President, etc., v. Trenton 'Bridge Co., 2 Beach, 46 ; State v. Merch. Ins. & Trust Co., 8 N. H 235 ; Society, etc., v. Morris Canal, etc., Saxton, 157; Att'y-Gen. v. Stevens, *id.* 369 ; Am. Law Reg., N. S., 586, and cases cited ; see also Abb. Dig. 338 *et seq.*, tit. Forfeiture; Att'y-Gen. v. Utica Ins. Co., 2 Johns. Ch. 371–7; Ang. & Ames on Corp. 734.)

II. A cause of forfeiture cannot be taken advantage of or enforced against a corporation collaterally or incidentally, or in any other mode than by a direct proceeding for that purpose against the corporation, so that it may have an opportunity to answer. (Ang. & Ames on Corp. 777; Abb. Dig. 339, § 12.)

III. But it is claimed that by the "sell-out act" the Cairo & Fulton Railroad Company was dissolved. No such provision is contained in that act. The ninth section provides that "the companies purchasing any of the above-named railroads shall have all the rights, franchises, privileges and immunities which were had and enjoyed by the companies for whose default said roads were sold, under the charter and the laws amendatory thereof." This certainly cannot be construed as dissolving the Cairo & Fulton Railroad Company. No attempt is made to repeal the charter of the company. The charter is not declared forfeited. The mere fact that the railroad of the Cairo & Fulton Railroad Company was seized does not dissolve the company, because a railroad corporation may exist although it have no railway. (State v. Rives, 5 Ired., N. C., 309 ; Com. v. Tenth Mass. Turnp. Corp., 5 Cush. 509 ; Bruffet v. Great Western R.R. Co.,

35—VOL. XLVIII.

25 Ill. 353.) Nor can it be said that the Cairo & Fulton Railroad Company of Missouri is dissolved because the franchises possessed by the company are vested in the purchasers of the road. The Legislature was not competent to vest in the purchasers the franchises of the said company, for this would be special legislation. (Atkinson v. C. & M. R.R. Co., 15 Ohio St. 35; see Sess. Acts 1865–6, p. 112, § 9.)

IV. Again, if the "sell-out act" dissolved the Cairo & Fulton Railroad Company of Missouri, by the act of 1868 (Sess. Acts 1868, p. 92) provision is made how the affairs of the Cairo & Fulton Railroad Company of Missouri shall be settled up. The mode pointed out by the Legislature should be pursued.

V. It is true the Cairo & Fulton Railroad was subject to the provision of the general corporation law providing that all charters shall be subject to alteration and repeal. But the charter of the company has in no way been directly repealed.

CURRIER, Judge, delivered the opinion of the court.

This action was commenced by the plaintiffs, as creditors of the Cairo & Fulton Railroad Company, against the defendant, as the sole remaining officer of the company competent to act as a trustee under the statute in relation to dissolved corporations. (Gen. Stat. 1865, p. 329, § 19; R. C. 1855, p. 375, § 19.) The petition is demurred to, and the questions presented for consideration arise upon the action of the court in sustaining the demurrer. It is conceded that this proceeding cannot be sustained unless it is shown that the corporation was dissolved at the time the suit was instituted. As showing such dissolution it is averred in the petition as follows:

"The plaintiffs further relate that by an act of the Legislature of the State of Missouri, approved February 19, 1866, entitled 'An act to provide for the sale of certain railroads and property by the governor, to foreclose the State's lien thereon, and to secure the early completion of the Southwest Branch Pacific, the Platte Country, the St. Louis & Iron Mountain, and the Cairo & Fulton railroads of Missouri,' the charter of said corporation was repealed, and the government of the State of Missouri, by

which the same was granted, reclaimed, seized and took possession of the franchises of said corporation, and together with the road, rolling stock and other property of said corporation, on the 1st day of October, 1866, sold said franchises, whereby said corporation, on the day and year aforesaid, became and is dissolved."

The repeal of the charter and the dissolution of the corporation are here distinctly averred. If these averments are to be regarded as allegations of facts, and not merely as legal conclusions from the facts previously stated, then the dissolution of the corporation stands admitted by the pleadings, for the demurrer admits all material facts that are properly set forth in the petition. (See Mumma v. Potomac Company, 8 Pet. 281.) The petition, however, states the following additional facts: "That said corporation failed to complete its railroad; that the same is in an unfinished condition and abandoned; that the same has become dilapidated and gone to waste, and that the corporation has not kept up or maintained its corporate existence, or had or held a legal election for officers thereof since the election held in 1861;" and that the present defendant is the only surviving of the officers of said dissolved corporation qualified under the constitution and laws of this State to act as a trustee of the property thereof. The petition thus shows that the corporation had held no election for the choice of officers for the nine years preceding the filing of the petition herein; that only one of the officers elected in 1861 was in a position to act as trustee under the statute; that the road had gone to decay and been abandoned; that the State had foreclosed its lien and sold out the road and rolling stock and other property of the corporation, as also its corporate rights and franchises. Was the corporation thereby, within the meaning of the statute, dissolved? In Slee v. Bloom, 19 Johns. 456, it was determined that a corporation might be dissolved by a surrender of its franchises, and that if a corporation suffered acts to be done which had the effect to destroy the end and object for which it was created, it was equivalent to a surrender of its rights. Now the petition in the case before us shows clearly that the corporation in question had suffered acts

to be done which destroyed the end and purpose for which the charter was originally granted. It had itself abandoned these ends and objects, for it is alleged in the petition that the corporation was created for the sole purpose of constructing and operating the railroad; and that purpose, as the petitioner shows, was given up and abandoned. Spencer, C. J., in delivering the opinion of the court in Slee v. Bloom, says: "The argument is that, being incorporated for twenty years, there exists a corporate capacity for that period, and that although all the functions of the corporation have ceased, yet they may be resumed. The Legislature never meant, nor does the act authorize the conclusion, that the corporation should remain and continue during all that period *nolens volens*. It was implied that during that period they should do nothing to forfeit their rights, nor surrender them back, nor do any act tantamount thereto. * * * I doubt extremely whether the capacity to resume the functions of the corporation does not in fact exist, but it is not necessary to decide that point. I consider it merely as a matter of speculation, thrown out without any practical reference to the cause, as a stumbling-block to the attainment of justice between the parties."

This court, in its advisory opinion, reported in 37 Mo. 134, referring to the sale of railroads under the State lien, holds this language: "When the State becomes the purchaser of such railroad under the lien reserved, both the lien and the former company are extinguished." According to this view the seizure and sale under the State lien extinguished the Cairo & Fulton Railroad Company, such seizure and sale destroying the objects for which the corporation was instituted. Upon the whole we are disposed to hold, in accordance with the decision in Slee v. Bloom, that the facts alleged in the petition sufficiently showed a dissolution of the corporation by a practical surrender and abandonment of its corporate rights and franchises. The further point is made that there is a defect of parties defendant. As previously suggested, the petition avers and the demurrer admits that the defendant is the only surviving officer of the corporation competent to act as a trustee under the statute. This fact standing

admitted by the pleading, disposes of the question in regard to the proper persons being joined as parties defendant.

The view we have taken involves a reversal of the judgment, and it will accordingly be reversed and the cause remanded. The other judges concur.