## MORLEY and others v. THAYER and others.

(*Circuit Court, D. Massachusetts.* September 30, 1880.)

1. STOCKHOLDERS—INDIVIDUAL LIABILITY—CONSTITUTION OF KANSAS, ART. 12, § 2.—Section 2, art. 12, of the constitution of the state of Kansas, provides that dues from corporations shall be secured by individual liability of the stockholders to an additional amount equal to the stock owned by each stockholder, and such other means as shall be provided by law.

    *Held*, that suit could not be maintained by virtue of this constitutional provision, without reference to the statutes of the state passed in fulfilment of the constitutional mandate.

2. SAME — SAME — STATUTES OF KANSAS — BANKRUPTCY — DISSOLUTION OF CORPORATION. — A statute of the state of Kansas provides that if a corporation be dissolved, leaving debts unpaid, suits may be brought against any person or persons who were stockholders at the time of such dissolution, without joining the corporation in such suit; and if execution issue, and judgment be satisfied by the parties sued, then those parties may sue all who were stockholders at the time of such dissolution for the recovery of the portion of such debt for which they were liable. It further provides that no stockholder shall be liable to pay the debts of the corporation beyond the amount due on his stock, and an additional amount equal to the stock owned by him. *Held*, that a corporation is not dissolved, within the meaning of such statute, by bankruptcy, and a failure to hold meetings, elect officers, or do business.

3. SAME—SAME—COMMON-LAW ACTION.—*Held*, further, that the liability imposed by this statute must be enforced by action at law, and not by suit in equity.

In Equity.

*J. E. McKeighan* and *J. D. McCleverty,* for complainants.

*Sidney Bartlett* and *Russell & Putnam,* for defendants.

CLIFFORD, C. J. Section 44 of the State Statutes provides that if a corporation be dissolved leaving debts unpaid, suits may be brought against any person or persons who were stockholders at the time of such dissolution, without joining the corporation in such suit; and if execution issue, and judgment be satisfied by the parties sued, then those parties may sue all who were stockholders at the time of such dissolution for the recovery of the portion of such debt for which they were liable. Provision is also made by the forty-fifth section of the same article for the recovery of all voluntary pay-

ments of any debt of the corporation, made by any of its stockholders, to the amount due on his stock, and an additional amount equal to the par value of his shares. Corporations under that statute may be dissolved—*First*, by the expiration of the time limited in its charter; *second*, by a judgment of dissolution rendered by a court of competent jurisdiction; and the state statute makes no provision for such a dissolution in any other mode.

Shares in the capital stock of the Fort Scott Coal & Mining Company, to the number alleged in the bill of complaint, are owned by the respective respondents; and the complainants allege that the company was duly organized with a capital of $200,000; that they carried on a very large and extensive business until the eleventh of April, 1874, when the company, on the petition of certain creditors, was adjudged bankrupt, and that the persons named in the record were appointed assignees of the company's estate; that they accepted their appointment, and received the usual conveyance of the property and effects of every kind and description belonging to the bankrupt company. Due proceedings were subsequently taken by the creditors to establish their claims, and they proved the same to the amounts specified in the bill; and the allegation is that since that time the company has not had any office or place of business in the state. Wherefore, the complainants allege and charge that the corporation has become and is wholly dissolved, and that the stockholders have become and are liable, as well by the constitution as by the laws of the state, to pay the debts and liabilities of the company. Such is the substance of the material allegations of the bill, and the complainants pray that an account may be taken of the assets of the company, and the debts due to the complainants, and all others who may become parties to the suit, and of the stock in fact held by the respondents, and of the amount which each should contribute towards the payment of such debts and liabilities. Service was made, and the respondents appeared and demurred to the bill for the following causes: *First*, that the complainants have not made such a case as entitles them to

the discovery or relief prayed, or to any relief touching any of the matters and things alleged; *second,* that it appears by the bill that the assignees in bankruptcy and the corporation are necessary parties, and that they are not joined.

Dues from corporations shall be secured by individual liability of the stockholders to an additional amount equal to the stock owned by each stockholder, and such other means as shall be provided by law; but such individual liability shall not apply to railroad corporations, nor corporations for religious or charitable purposes. State Const. art. 12, § 2. Appropriate allegations are contained in the bill that the property of the company is insufficient to pay their debts, and that an assessment for that purpose was made by the district court,—the debts amounting to $100,000, while the assets do not exceed the sum of $12,000; that the payment of the assessment was successfully resisted by the respondents because not seasonably enforced, which litigation was the cause of the delay in filing the present bill. Three principal propositions are submitted by the complainants, as follows: *First.* That suit may be maintained by virtue of the provision of the constitution already referred to, without reference to the statutes of the state providing specific modes of enforcing the liability of the stockholder under special circumstances. *Second.* That the liability in question is an independent, absolute liability, co-existent with the corporation; that it is in the nature of a contract, assumed by the stockholder when he became the owner of any portion of the capital stock of the company. *Third.* That the statutes of the state make provision for enforcing the constitutional liability of the stockholder, which is applicable in cases where the corporation is dissolved; that such statutes do not create a new or different liability from that established by the constitution, but are passed in aid of that provision, to remove any doubt which might arise as to the enforcement of the same after the corporation is dissolved.

Enough appears in the constitutional provision itself to show that the view of the complainants, that the article is self-enforcing, cannot be sustained. It ordains that "dues from

corporations *shall be secured* by individual liability of the stockholders to an additional amount equal to the stock owned by each stockholder, and by such other means as shall be provided by law." Cases undoubtedly arise where the provision of a constitution operates immediately, as when the object is to suppress an existing evil; but when the provision points to something more to be done, and looks to some future time for the accomplishment of what is required, the general rule is that it contemplates legislation to carry it into effect. Power is plainly given to the legislature in this case to pass laws to render stockholders individually liable for the debts of the corporation, and it doubtless makes it their duty to do so; but it by no means follows that the stockholder is made liable where there is no statute creating such liability, or prescribing the means or mode of its enforcement. Beyond doubt it looks to legislation, nor does it contain a word to justify the conclusion that the framers of the provision supposed that they were completing the end in view, as no attempt is made to provide any other means for its accomplishment than legislation. *Groves* v. *Slaughter,* 15 Pet. 449, 500. Even if the rule would be otherwise, in case the legislature had failed to comply with the constitutional mandate, still it is clear that the statutes passed in fulfilment of that requirement constitute the unmistakable rule of decision, and furnish the only basis of judicial action. *Fusz* v. *Spaunhorst,* 67 Missouri, 256, 269; *Railroad* v. *Buchanan,* 39 Missouri, 485, 489; *French* v. *Teschemaker,* 24 Cal. 518, 539.

Stockholders are not in general liable at common law for the debts of the corporation; nor are they in any case, unless where there has been a fraudulent conveyance of trust property, or where they are indebted to the corporation on account of stock subscribed which remains unpaid, or where there has been a dividend in liquidation or other distribution of the capital stock among the members, leaving the creditor unpaid, or where the stockholders are made liable by some explicit act of the legislature. *Gray* v. *Coffin,* 9 Cush. 192, 199; Thompson on Liability of Corporations, § 14. Statutes providing such a liability create a new right and impose a new obligation;

and it is a familiar doctrine that the remedy prescribed in such a case is exclusive—that it must be strictly followed. *Erickson* v. *Nesmith*, 15 Gray, 221; *Windham Prov. Inst.* v. *Sprague*, 43 Vt. 502, 510; *Priest* v. *Manuf'y Co.* 115 Mass. 380, 382; *Shaft Co.* v. *Evans*, 72 Pa. St. 331–4. Owners of shares in a corporation may be made liable for the debts of the corporation to the extent of their stock, as prescribed by the charter of the company, or by some subsequent valid legislative act. By the act of becoming stockholders they assent to the terms and assume the liabilities imposed by the act creating the corporation. Obligations thus assumed are limited by the charter, and cannot be extended by implication beyond the terms of that instrument as reasonably interpreted. Where the individual liability of the stockholder is created by statute, the remedy of the creditor is confined to the cause of action prescribed by the statutory regulation. *Lowry* v. *Inman*, 46 N. Y. 119, 120, 127. Whether the obligation is imposed and the remedy given solely by the statute, or rests upon the assent of the stockholders to the terms and conditions of the act, the result is the same; the obligation or liability and the remedy are inseparable, and the party interested is confined to the remedy prescribed by the act and assented to by the stockholder. If the liability rested solely upon the contract, and the contract provided an adequate remedy, the parties would be restricted to that remedy, and every other would be excluded by necessary implication. Statutes of the kind create a new remedy, and the statute prescribes the mode of proceeding to enforce it; the rule being that the statute remedy must be exclusively followed. *Dauchy* v. *Brown*, 24 Vt. 197, 203; Thompson on Liability of Stockholders, § 56; *Knowlton* v. *Ashley*, 8 Cush. 93; *Cambridge Water-works* v. *Dyeing & Bleaching Co.* 4 Allen, 239. When no remedy is provided by statute, the courts of Massachusetts restrict the remedy to a suit in equity, and refuse to sustain an action at law. Actions at law, or suits in equity, are sometimes maintained in the courts of New York; but the courts of both these states agree that where the remedy is a new one, and is given by statute, the creditor is limited to the mode of proceeding prescribed

by the statute. *Briggs* v. *Penniman,* 1 Hopkins, 300, 301; S.
C. 8 Cow. 367; *Slee* v. *Bloom,* 19 John. 456; *Poughkeepsie*
v. *Ibbotson,* 24 Wend. 473.

Shareholders in a corporation are not individually liable at
common law for the debts of the corporation, and, if liable at
all, it must be by some statute which not only creates the lia-
bility, but also prescribes the manner of its enforcement.
Where the liability is general by statute, without specifying
any remedy, it may be enforced by an appropriate common-
law action; but where the provision for the liability is coupled
with a special remedy, that remedy, says Chief Justice Waite,
and that alone, must be employed. *Bollard* v. *Bailey,* 20 Wall.
520, 527; *Grund* v. *Tucker,* 5 Kan. 70, 77.

Argument to show that section 32, of article 4, does not
furnish any ground to support the present suit is quite unnec-
essary, as it merely purports to give a remedy to the creditor
in a case where he has recovered judgment against the cor-
poration, and there cannot be found any property whereon to
levy the execution; in which event the remedy is given only in
the court where the judgment was rendered. State St. 188,
art. 4, § 32. Incorporated companies may be dissolved in two
modes, as provided by section 40 of the State Statutes; and the
next section provides to the effect that a corporation which
does not commence active operations within five years after
filing its charter with the secretary of state shall become and
be dissolved. State St. 200. These sections define what
is meant by dissolution in the statute, which plainly gives the
definition to explain the meaning of the subsequent sections
of the same statute. Individual liability of the stockholders
in this statute is first provided for in section 32, which pre-
scribes the extent of the liability and the mode of enforcing
it, as before explained.

Like most of the statutes in other states imposing such lia-
bilities, the said section provides that the creditor, before pro-
ceeding against the stockholder, shall obtain judgment against
the corporation; the rule being that the corporation is the
principal debtor, and that the liability of the stockholder being
only of a secondary character, it is reasonable that the cred-

itor shall first establish his claim against the party originally liable before proceeding against the stockholder. Prior judgment against the corporation is a condition precedent under section 32; but, inasmuch as cases might arise in which judgment against the corporation could not be obtained, the legislature provided that where the corporation is dissolved in the modes set forth in the subsequent section, the creditor may bring a suit against any person, or persons, who were stockholders at the time of such dissolution, without joining the corporation in such suit; the provision being that no stockholder shall be liable to pay the debts of the corporation beyond the amount due on his stock, and an additional amount equal to the stock which he owns. State St. 201. Taken together, the two sections, when properly construed, provide, in effect, that so long as the corporation exists, the stockholders shall only be charged in a judgment against the corporation to the extent of his liability for its debts; that when the corporation has ceased to exist, so that such a judgment cannot be obtained, the suit may be brought directly against the stockholder to recover the amount for which he is therein made liable. Judgment must first be obtained against the corporation, unless it has been dissolved within the meaning of the state statute, whose language seems to be plain and unambiguous. Neither non-use of the franchise, nor failure to hold meetings, nor to elect officers, nor the pendency of bankruptcy proceedings, will have the effect to dissolve a corporation, or to take away or suspend the right to sue and obtain judgment. Rev. St. § 5122. Express provision is made in the bankrupt act that no allowance or discharge of a corporation shall be granted to any corporation, or joint stock company, or to any officer or member thereof. *Chimney Co.* v. *Brass or Copper Co.* 91 U. S. 656, 665; *Revere* v. *Boston Copper Co.* 15 Pick. 351, 359; *Coburn* v. *Paper Co.* 10 Gray, 243; *Chamberlain* v. *Manuf'g Co.* 118 Mass. 532, 536; *Bradt* v. *Benedict,* 17 N. Y. 93. It does not follow that a corporation is dissolved by the sale of its visible and tangible property for the payment of debts, or by the temporary suspension of its business, so long as it has the moral and legal capacity to increase

its subscriptions, call in more capital, and resume its business, which is emphatically the condition of corporations during the operation of the bankrupt act. *Brinckerhoff* v. *Brown*, 7 John. Ch. 216, 217, 226.

Courts have often held that a corporation may be dissolved by an unconditional repeal or surrender of its charter, in a manner authorized by law, and the court of errors of New York once held that if a corporation suffers acts to be done which destroy the end and object for which it was created and organized, that such acts are equivalent to a surrender of its chartered rights; nor is it necessary in this case to contravert that proposition, as it is clear that such a corporation, under a proceeding in bankruptcy, cannot be discharged of its debts, nor will such a proceeding have any tendency to deprive the corporation of the power to continue or to resume its business. *Slee* v. *Bloom*, 19 John. 456, 474. In coming to the conclusion, said *Spencer*, C. J., that the corporation in this case is dissolved, I lay out of the case everything of misuser or nonuser, excepting the influence which the fact of nonuser may have as evidence, connecting with other facts, to show the renunciation of corporate rights. Upon these authorities, and for the reasons given by the chancellor, the chief justice admitted that neither misuser nor nonuser could be regarded as a substantial and specific ground of dissolution. Since that time the court of appeals has decided that, in order to infer a surrender of corporate franchise, the circumstances must be such that the corporation has *lost all power* to continue or resume its business; which is not true of the corporation in this case, and never can be by the operation of the bankrupt proceedings, not even when such proceedings are followed by misuser or nonuser. *Bradt* v. *Benedict*, 17 N. Y. 93, 99. When the cases are carefully considered, it is clear that the exact rule to be applied in such a case, in Massachusetts and New York, is not substantially different. Controversy upon that subject can hardly exist; but the complainants contend that a corporation within the meaning of the state statute is dissolved when it has gone into bankruptcy, and has ceased

to hold meetings, elect officers, or do business, for which they refer to the decisions of the supreme court of Missouri, and insist that they are analogous, and that they should furnish the rule of decision. *Moore* v. *Whitcomb*, 48 Mo. 543, 547; *State Savings Inst.* v. *Kellogg*, 52 Mo. 583. Much discussion of the first case may well be omitted, as the bill averred that the charter was repealed and the corporation dissolved, which does not seem to have been controverted by the defendant. Where a charter is legally repealed it is safe to conclude that the charter rights cease to exist. *Crease* v. *Babcock*, 23 Pick. 334, 346. Both of the Missouri cases adopt the rule announced in the original New York case, that a corporation may be dissolved by a surrender of its franchises, and that if it suffer acts to be done which have the effect of destroying the end or object for which it was created, it is equivalent to a surrender of its rights, and is, in effect, a dissolution of the charter; but they both overlook the fact that the doctrine of the original case is materially qualified by a later case, and that the doctrine, if not qualified, is utterly inconsistent with the bankrupt act, unless it be admitted that every corporation which is adjudged bankrupt is dissolved. Thousands of corporations, after going through bankruptcy, have proceeded in business and become prosperous, and no one ever heard that they were dissolved, or that creditors could not bring a suit against such corporation and proceed to judgment. Nor is there anything in the later case from that state which adds any greater strength to the conclusion than is found in the two earlier cases. *Perry* v. *Turner*, 55 Mo. 418, 422. All of these cases, including the original case from New York, are put upon the ground that the creditor, under the particular provision, is without remedy until the corporation is dissolved; and that, inasmuch as he cannot effect a technical dissolution, he ought, as a matter of expediency, to be allowed to prove a practical or substantial termination of the corporate existence of the principal debtor.

When a general liability is created by statute without a remedy being given, the right may be enforced by an appro-

priate action at law; but when the provision creating the liability is coupled with one for a special remedy, *that remedy,* says Chief Justice Waite, *and that alone, must be pursued.* Stockholders are declared individually liable in certain cases, to a certain amount, by the Missouri statute, but the creditor is not left to select his remedy, as that is specifically pointed out by the statute. Specific remedy is given, but the legislative act gives no definition whatever of dissolution, or of what is meant when it is said that a corporation has surrendered its franchises. No mode of enforcing such a liability was provided in the New York statute, which left it to the court to provide a remedy, under which the courts have held that the creditor may elect to proceed in equity, or to bring an action at law; but a precise method for the purpose is provided by the Missouri statute, without giving any definition whatever of what is meant by the dissolution of the charter of an incorporated company. Massachusetts limits a resort to equity, when no remedy is prescribed, but enforces the rule that the remedy must be followed whenever it is prescribed, and denies all other. *Cambridge Water-works* v. *Dyeing & Bleaching Co.* 4 Allen, 239. Statutory regulations upon the subject have been enacted by the legislature of Maryland, which is silent as to the remedy, and the court of appeals of that state hold that the liability may be enforced in an action of law by one creditor against a single stockholder, even though it appear that there are other creditors. *Norris* v. *Johnson,* 34 Md. 485, 490. Statutory enactments exist in certain states which declare the unqualified liability of stockholders; and where that is so, and no mode of procedure for enforcing it is provided, it is conceded that creditors may resort to equity, as in a creditor's bill, to compel the stockholders to pay their respective claims. Such a case arose in Maryland, under a statute of that state, and the court of appeals remarked that the statute under the laws in some other states was silent as to the remedy, providing no form, and designating no tribunal where satisfaction may be had. In such cases, say the court, it is universally conceded

that the creditors may have relief in equity; and they refer to the reported cases in New York to support the proposition. *Norris* v. *Johnson, ubi supra.* When no remedy to enforce such a liability is provided in Massachusetts, they restrict it to equity; whereas, in New York, the better opinion is that the courts allow the creditor to select his remedy, either law or equity, unless the remedy is prescribed by statute; and the statute of Missouri gives a remedy against the stockholder, as well before as after dissolution. Dissolution must precede the remedy in New York, but in Missouri the creditor may have his remedy either before or after dissolution, if the other needful circumstances concur. Except when the corporation is dissolved, the liability of the stockholder under the constitution and statute of the state is secondary, and can only be enforced after judgment against the party presumably liable, and return of execution that there cannot be found any property whereon to levy the execution. State St. 56, 198. Clearly, the remedy in such a case must be by action at law, in accordance with the practice in all or most of the states where similar statutes have been passed. *Grund* v. *Tucker*, 5 Kan. 70, 77. Whatever right the creditor had under the other sections does not arise out of contract, but is given by statute, and depends entirely upon its proper construction. *Kritzer* v. *Woodson*, 19 Mo. 327; *Ochiltree* v. *Contracting Co.* 54 Mo. 113, 117; *Dauchy* v. *Brown, supra; Erickson* v. *Nesmith*, 4 Allen, 233; *Halsey* v. *McLean*, 12 Allen, 438.

Sufficient has already been remarked to show that when a statute confers a right and imposes a liability, without providing a distinct remedy for its enforcement, the common law will supply the omission by giving to a party an appropriate action by which his right may be enforced; but it is equally well settled in principle, and by all the authorities, that when a statute confers a right and provides a remedy, that remedy, and that only, must be pursued. *Knowlton* v. *Ackley*, 8 Cush. 93, 97; *Kelton* v. *Phillips*, 3 Met. 61; *Dauchy* v. *Brown*, 24 Vt. 197–203. Apply that principle in the case before the court, and it is plain that the bill in this case cannot be maintained, as the statute plainly indicates an action

at law as the remedy of the creditor against the stockholder, even when it appears that the corporation is dissolved. Prior to dissolution, it is as clear as anything can be, that the action at law is the only remedy provided by the statute to enforce such a right, and it is equally clear that no other remedy is in terms given to the creditor, even where it is shown that the corporation is dissolved in one of the two modes pointed out in the state statute. Mere non-user of its franchises is not a surrender, nor are courts warranted in enforcing a surrender from an abandonment of its franchises, unless there is something in the act of incorporation to justify it. *The Regents* v. *Williams*, 9 Gill & John. 365, 420. Standard authorities show that a corporation will not be dissolved by a sale of the franchise, or of all the corporate property; nor by a settlement of all its concerns, and a division of the surplus; nor by a cessation of all corporate acts; nor by any abuse of corporate powers; nor by the doing of acts which constitute a forfeiture of the charter,—without a judgment to that effect by a competent court. Such dissolution, it is said, can only take place in the following ways: *First*, by an act of the legislature, in cases where power is reserved for that purpose; *second*, by a surrender of the charter, and a valid acceptance of the same by the proper authority; *third*, by a loss of all its members, or of all the members of an integral part, so that the exercise of corporate functions cannot be restored; *fourth*, by forfeiture, which must be declared by the judgment of a competent court. Angel & Ames on Corp. (4th Ed.) § 773; Abbott Dig. Corp. 291; *Boston Glass Manuf.* v. *Langdon*, 24 Pick. 49, 52; *Slee* v. *Bloom*, 5 John. Ch. 366, 379; *Canal Co.* v. *Railroad Co.* 4 Gill & John. 1, 121; *Wilde* v. *Jenkins*, 4 Paige Ch. R. 481, 488; *Niagara Bank* v. *Johnson*, 8 Wend. 645, 652.

Equity, in the form of a creditors' bill, is the remedy chosen by the complainants, to which the respondents have demurred for the want of equitable support, or of authority under the state statute. Among other things, the statute provides that when such a corporation is dissolved, leaving debts unpaid, suits may be brought against any person or

persons who were stockholders at the time of such dissolution, without-joining the corporation in such suits. Nothing is found in that language to justify an inference that the legislature intended to give the creditors a creditors' bill as a remedy, but the whole scope of the sentence points to an action at law. Confirmation of that flows from what follows, as the parties, if they pay more than their proportion, are plainly given an action for contribution, after the creditor or creditors, as the case may be, have had judgment and execution in their favor, and have collected the amount. Support to that view is also derived from the fact that the bill shows no equity. Both parties agree that the statute does not charge the stockholders generally for the debts of the corporation. Nothing of the kind is alleged or pretended in argument; and, if it were, it could not be supported for a moment, as the statute provides that no stockholder shall be liable to pay the debts of the corporation beyond the amount due on his stock, and an additional amount equal to the stock owned by him, which brings the case within the admitted definition of a statutory liability, from which it follows that, if the statute provides the mode of enforcement, that mode is exclusive of all others, and must be followed.

Resort to equity is wholly unnecessary in this case, the facts showing that the complainants, if they have any claim, may enforce it in a suit at law; nor has the court any discretion upon the subject, as it is reasonably plain that an action at law is the remedy contemplated by the legislature; or, if not, then it is plainly a case where a liability is imposed by statute, without providing the means for its enforcement, in which the general rule is that it must be enforced by an appropriate common law action. *Bollard* v. *Bailey*, 20 Wall. 520, 527; *Knowlton* v. *Ashley*, 8 Cush. 93–97. For these reasons I am of the opinion that there is no equity in the bill, and that the demurrer must be sustained.

Decree for the respondents, **dismissing the bill of complaint.**