## BOOMER v. ROWE.

(Circuit Court of Appeals, Ninth Circuit. May 20, 1918.)

No. 3053.

CORPORATIONS ⊚⇒349—DISSOLUTION—RIGHTS OF CREDITORS.

Under Rev. Codes, Mont. § 3837, forbidding directors from creating debts beyond the prescribed capital stock and declaring that for a violation they shall be liable in their individual and private capacity to the corporation and to the creditors thereof in the event of its dissolution, an insolvent corporation which had no property and assets, and which the directors themselves reported had ceased to be a going concern or to incur financial obligations because of its insolvency, must be deemed dissolved so as to enable a creditor to sue, though not judicially dissolved in accordance with those statutes prescribing the modes of dissolving corporations, for the purpose of the statute imposing liability on directors was not penal, but was to give creditors an additional remedy.

Appeal from the District Court of the United States for the District of Montana; Geo. M. Bourquin, Judge.

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Suit by Laura A. Boomer against James H. Rowe. From a decree dismissing the bill (244 Fed. 307), complainant appeals. Reversed.

The Salmon Land Company is a Montana corporation. Rowe, the appellee, was one of the directors and was secretary. In 1910 the corporation became indebted in a sum in excess of its capital stock. Rowe, with other directors, executed and delivered to Mrs. Boomer, appellant, a promissory note for $20,520.73, and interest, and gave a mortgage to secure the note. Thereafter foreclosure of the mortgage was had, and a deficiency judgment of $4,963.10 remained unpaid after all of the property of the corporation was exhausted. Appellant owns this judgment, and alleges that the land company became insolvent on January 30, 1914, when the property was sold under foreclosure; that the corporation has no property; "that it has entirely ceased to do business. It is thereby dissolved." Appellant asked for judgment against the defendant for the amount of the deficiency judgment with interest. Rowe, the defendant, denied that the corporation was ever dissolved. It was proved that the note was signed by Rowe as secretary of the corporation, and that the transaction with Mrs. Boomer had been authorized by the board of directors of the corporation. The annual reports of the corporation, required by the statutes of Montana to be filed between the 1st and 20th of January of each year, showed, in January, 1915, an existing indebtedness of $5,075; and the January, 1916, report signed by Rowe, after giving the existing debts as $6,500, contained these words: "This corporation has ceased to be an acting concern and has ceased to voluntarily incur financial obligations because of its insolvency." The District Court dismissed the suit, and the plaintiff appeals.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

Lowndes Maury, Burton K. Wheeler, and J. O. Davies, all of Butte, Mont., for appellant.

Jesse B. Roote, J. A. Poore, Enos Alley, and Henry C. Hopkins, all of Butte, Mont., for appellee.

HUNT, Circuit Judge (after stating the facts as above). The question for decision is, Was the corporation dissolved within the meaning of section 3837 of the Revised Codes of Montana? We quote the section:

"3837. *Dividends to be Made from Surplus Profits.*—The directors of corporations must not make dividends, except from the surplus profits arising from the business thereof; nor must they divide, withdraw or pay to the stockholders, or any of them, any part of the capital stock; nor must they create debts beyond their subscribed capital stock, or reduce or increase the capital stock, except as hereinafter specially provided. For a violation of the provisions of this section, the directors under whose administration the same may have happened (except those who may have caused their dissent therefrom to be entered at large in the minutes of the directors at the time, or were not present when the same did happen) are, in their individual and private capacity, jointly and severally liable to the corporation and to the creditors thereof, in the event of its dissolution, to the full amount of the capital stock so divided, withdrawn, paid out or reduced, or debt contracted; and no statute of limitations is a bar to any suit against such directors for any sums for which they are made liable by this section. There may, however, be a division and distribution of the capital stock of any corporation which remains after the payment of all its debts, upon its dissolution or the expiration of its term of existence."

Other sections of the Codes of the state (3825) provide for the term of existence of corporations and for the methods by which corporations may be dissolved. Section 3905 provides that a corporation is

dissolved by expiration of time, by judgment of dissolution as provided by the Code of Civil Procedure, tit. 6, pt. 3, and chapter 5, tit. 10, pt. 2, or by legislative act. Title 6, pt. 3, of the Code of Civil Procedure provides for voluntary dissolution upon application by stockholders to the district court of the county where the principal place of business of the corporation is situated. The application must be signed by a majority of the directors and must set forth all claims and demands against the corporation which have been satisfied and discharged. Chapter 5, tit. 10, pt. 2, provides for dissolution by quo warranto in the name of the state: (1) When the corporation has offended against a provision of an act for its creation or renewal; (2) when it has forfeited its privileges by nonuser; (3) when it has committed or omitted an act which amounts to a surrender of its corporate rights, privileges, and franchises; (4) when it has misused a franchise or privilege conferred upon it by law or exercised a franchise or privilege not so conferred.

The position of the appellant is that when the corporation had no property and no assets, and when by the subscription made by the directors to the annual report for 1916 it was announced that the corporation had ceased to be an acting concern and had ceased voluntarily to incur financial obligations because of its insolvency, it was dissolved in contemplation of the statute quoted, and that a creditor can pursue the remedy against directors who have disobeyed the statute forbidding creation of debts beyond the subscribed capital. In support of this position it is said that the statute has reference to a practical and not to a judicially adjudged dissolution; that a corporation, by becoming inert for all practical purposes, without funds or assets, and in a position where legal remedies against it appear to be of no avail, is dissolved, and the liability of directors becomes certain, with the right and remedy in the creditor to enforce it. Among the decisions cited are: McDonnell et al. v. Alabama Life Ins. Co., 85 Ala. 401, 5 South. 120; Gibbs v. Davis, 27 Fla. 531, 8 South. 633; Central Agricultural & Mechanical Ass'n v. Alabama Gold Life Ins. Co., 70 Ala. 120; Moore v. Whitcomb, 48 Mo. 543; State Savings Bank Ass'n v. Kellogg, 52 Mo. 583; Stoltz v. Scott, 23 Idaho, 104, 129 Pac. 340, also cited, is less pertinent, in that there the directors were sued by the corporation through its receiver.

The better view is that a suit brought under such a statute as that under consideration is not one to administer a punishment against an offender against the state but is to enforce a private right given to a creditor. Such a statute is not strictly penal, but is intended to be for the benefit of creditors in the event of the dissolution of the corporation, and to afford creditors a remedy where there is violation of duty by the directors under whose administration the violations may have occurred. In Hornor v. Henning et al., 93 U. S. 228, 23 L. Ed. 879, the Supreme Court considered an act of Congress which authorized the formation of corporations for certain purposes in the District of Columbia, and among other things provided that if the indebtedness of any company organized under the act should at any time exceed the amount of its capital stock, the trustees of such com-

pany assenting thereto should be personally and individually liable for such excess to the creditors of the company, and in an action by a creditor against trustees who had assented to incurring an indebtedness in excess of the amount of capital stock of the corporation said:

"We are of opinion that the fair and reasonable construction of the act is that the trustees who assent to an increase of the indebtedness of the corporation beyond its capital stock are to be held guilty of a violation of their trust; that Congress intended that, so far as this excess of indebtedness over capital stock was necessary, they should make good the debts of the creditors who had been the sufferers by their breach of trust; that this liability constitutes a fund for the benefit of all the creditors who are entitled to share in it, in proportion to the amount of their debts, so far as may be necessary to pay these debts."

The case was approved in Stone v. Chisolm, 113 U. S. 302, 5 Sup. Ct. 497, 28 L. Ed. 991. In Fitzgerald v. Weidenbeck (C. C.) 76 Fed. 695, Judge Lochren, in the District Court for Minnesota, took a like view of the Montana statute providing that if the trustees of a corporation organized under the statute fail to make a report of the corporation's affairs as required, they shall be liable for its debts; so did Judge Townsend in Davis v. Mills (C. C.) 99 Fed. 39, who relied for the rule of liberal construction upon Huntington v. Attrill, 146 U. S. 676, 13 Sup. Ct. 224, 36 L. Ed. 1123. Ruling Case Law, vol. 7, § 494; Thompson on Corporations, § 1781.

The general purposes of the particular statute being determined, we ask, What is meant by the "event of dissolution"? To hold that a creditor must be put off in the pursuit of the remedy given until the life of the corporation shall have expired, or until there has been a dissolution by prescribed statutory method, would in practical effect take away the benefit of the statute, for creditors would not be able to bring about statutory dissolution, and surely the directors would not invite technical corporate extinction where it would mean their individual liability for debts which they have created beyond the subscribed capital stock.

It is therefore very reasonable to apply the doctrine of Huntington v. Attrill, supra, as to the construction of the statute by regarding it as affording substantial, efficient civil remedy at the private suit of the creditor whenever the directors of the corporation have violated their duty by acts which destroy and are intended to do away with the end and object for which the corporation was created. By the dissolution of the corporation the statute means a practical and not necessarily a judicially adjudged dissolution. The cases relied upon by appellant, cited above, sustain this construction, the better view being well expressed by the Supreme Court of Alabama in McDonnell v. Alabama Life Ins. Co., supra, where the court said:

"The pivotal period fixed by the statute for the accrual of this personal liability is for those debts due at the time of the dissolution of the corporation. Code 1867, § 1760. That the defendant corporation was dissolved, within the meaning of this statute by the assignment made by it for the benefit of creditors in October, 1886, and by its entire cessation of business, there can be no doubt. A practical and not a judicially adjudged dissolution is what the statute contemplates. This is evidenced by insolvency, and the turning of the corporate assets over to a trustee for distribution among

creditors, followed by complete abandonment of the business for which the company was organized."

In Central Agricultural & Mechanical Association v. Alabama Gold Life Ins. Co., supra, the court reaffirmed the earlier decisions and said:

"Whenever there is a practical dissolution, so far as the rights and remedies of creditors are concerned, whenever the corporation becomes 'a nominally inert body,' its property and funds gone, and it is reduced to insolvency, rendering legal remedies against it fruitless and unavailing, the liability of the stockholder or member becomes absolute, and the right and remedy of creditors to enforce it accrues."

We have examined the cases which sustain the view taken by the lower court. In Morley v. Thayer (C. C.) 3 Fed. 737, Judge Clifford referred to some of them, and adverted particularly to Slee v. Bloom, 19 Johns. (N. Y.) 456, 10 Am. Dec. 273, which was one of the earliest cases adopting the rule we approve, but the learned judge adopted the more literal construction. Daily v. Marshall, 47 Mont. 392, 133 Pac. 681, does not conflict with the views we have expressed. We also cite Keokuk & W. R. Co. v. Missouri, 152 U. S. 309, 14 Sup. Ct. 592, 38 L. Ed. 450; Pullman Palace Car Co. v. Missouri P. R. Co., 115 U. S. 595, 6 Sup. Ct. 194, 29 L. Ed. 499; Bruce v. Platt, 80 N. Y. 380.

The decree is reversed, and the cause is remanded, with directions to the District Court to enter decree in favor of the plaintiff below for $4,304.10, together with interest thereon from the date of the deficiency judgment, January 31, 1914, and costs.

Reversed.